FRANK ALLEN v. THE CAROLINA CENTRAL RAILWAY COMPANY.

*Practice—Pleading—Demurrer—Motion to Make Pleading Definite.*

1. The purpose of *The Code* practice being to have controversies tried on their true merits and without unnecessary costs and delay, it provides for amending and perfecting the pleadings on motion in apt time addressed to the discretion of the court, or by the court *ex mero motu.*

2. Where a complaint in an action for negligence was defective in not definitely and sufficiently setting out the negligence complained of, objection thereto should have been taken, not by demurrer, but by motion to have the plaintiff make his complaint more definite.

CIVIL ACTION, heard on complaint and demurrer, before *Norwood, J.,* at October Term, 1896, of MECKLENBURG Superior Court.    The complaint was as follows:

"The plaintiff complains and alleges:

"First—That the defendant, at the time hereinafter stated, was and still is a corporation duly created and organized under the law, and was and still is a common carrier of goods, wares, merchandise, and passengers, and operated a railroad between the city of Charlctte, North Carolina, and the city of Wilmington, in said State, and used for this purpose railroad tracks, side tracks, engines, cars, &c., for the necessary conduct of its business as a railroad.

"Second—That, on or about the 16th day of June, 1893, the plaintiff, while in the employ of the defendant, was

injured by a brake on one of the cars of the defendant breaking. That the break was defective, which was unknown to the plaintiff, which, by reasonable care, could have been discovered by the defendant. That the plaintiff served the defendant as a coupler and shifter, and was ordered by the conductor to put on the brake, which he did, in a careful and cautious manner. That the defendant, by reasonable diligence, might have known of the defectiveness and unsoundness of the brake.

"Third—That the plaintiff used due care and caution in putting on the brakes, which he was ordered to do by his superior and boss, the conductor of the train, whom he was bound to obey. That upon his putting on the brake it broke, throwing him violently to the ground below. That he was knocked senseless, and was and is permanently injured. That his injuries received were no fault of his, but on account of the imperfect machinery, carelessness and negligence of the defendant. That by reason of the negligence of the defendant, as aforesaid, plaintiff was damaged five thousand ($5,000) dollars.

"Wherefore, plaintiff demands judgment against the defendant:

"1. For the sum of $5,000.

"2. For cost of action."

The demurrer was as follows:

"The defendant demurs to the complaint filed in this action, and for cause of demurrer says that the negligence alleged is not sufficiently and legally set out."

The demurrer was overruled with leave to answer, but defendant appealed.

*Messrs. Clarkson & Duls* and *W. R. Henry,* for plaintiff.
*Messrs. Burwell, Walker & Cansler,* for defendant (appellant).

FAIRCLOTH, C. J.: This case stands upon complaint and demurrer, and the ground of defence is "that the negligence alleged is not sufficiently and legally set out." The purpose of *The Code* is that controversies shall be tried on their true merits, and to this end it prescribes the mode, order and forms of pleading, with provisions for perfecting the pleadings in apt time, by striking out or amending the same.

When there is a defective cause of action, although in due form, the plaintiff cannot recover unless the court in its discretion, on reasonable terms, allows an amendment. When a good cause of action is set out, but defective in form, the court may require the pleadings to be made definite and certain by amendment. *The Code*, Sections 259 and 261. For this purpose, however, the objector must move in apt time. It is too late after demurrer or answer. *Stokes* v. *Taylor*, 104 N. C., 394. This motion is addressed to the discretion of the court. *Conley* v. *Railroad*, 109 N. C., 692; *Smith* v. *Summerfield*, 108 N. C., 284.

The court may *ex mero motu* direct the pleadings to be reformed. *Buie* v. *Brown*, 104 N. C., 335. See generally Clark's Code, p. 207, Section 261.

The demurrer to the sufficiency of the cause stated brings to this court a question of form or uncertainty in the pleadings, and not the merits of the action, and thus costs and delay are incurred, which might have been avoided by a proper motion below, as we are to assume that the judge would have granted the proper motion, certainly until it appears otherwise.

Without commending the form in which the plaintiff has stated his case in the complaint, we think the defendant's remedy was by motion and not by demurrer. The case is remanded in order that the parties may proceed as they

are advised.  We must sustain the judgment below, but we do so without prejudice to the rights of either party to plead *de novo*.

Remanded.