RUMBO v. GAY MANUFACTURING CO.

(Filed September 10, 1901.)

TITLE—*Quieting Title—Dismissal of Action—Judgment—Acts 1893, Chap. 6*

> Under Acts 1893, Chap. 6, where, in an action to determine conflicting claims to real property, plaintiff being in possession, the court finds the claim of defendant to be invalid, the action should not be dismissed.

ACTION by J. Rumbo against the Gay Manufacturing Co., heard by Judge *O. H. Allen,* at Spring Term, 1901, of the Superior Court of CHOWAN County. From a judgment refusing defendant the relief it demanded and dismissing the action, both parties appealed.

*W. M. Bond* and *C. S. Vann,* for the plaintiff.
*Pruden & Pruden,* and *Shepherd & Shepherd,* for the defendant.

CLARK, J. The complaint alleges ownership and possession of a tract of land; that defendant claims, without legal right, an interest in the timber standing thereon by virtue of an alleged contract, and asks the judgment of the Court that such contract be declared null and void. The defendant answers, admitting the complaint, except the allegations as to the contract, which, it asserts, is valid, and asks judgment declaring it a valid lien upon the timber interest in said land. The Court below adjudged that the defendant was not entitled to the relief it demanded, and then dismissed the action. Both parties appealed.

As the defendant did not prosecute the appeal, that part of the case is determined. Besides, it was justified by *Manufacturing Co. v. Hobbs,* 128 N. C., 46, which held an exactly

similar contract given this same defendant invalid. It seeks, however, to justify the dismissal of the action on the ground that its claim having been adjudged invalid, there was no cloud to remove and no equity could be invoked. If the claim had been valid, the Court could not remove it. It is only when there is an invalid claim that a decree removing the cloud can be made. The Court below should not have dismissed the action, but should have entered its decree adjudging the defendant's contract invalid as a lien on the timber.

The defendant strenuously argued the equitable doctrines formerly applicable, but we need not discuss their application here, for this is not an equitable proceeding. It is an action given by statute. Laws 1893, Chap. 6. It was because the General Assembly thought the equitable doctrines (as laid down in *Busbee v. Macey,* 85 N. C., 329, and *Busbee v. Lewis, Ibid,* 332, and like cases) inconvenient or unjust that the above Act of 1893 was passed. If defendant had, as permitted under section 2 of said Act, disclaimed any interest in the property, judgment could not have gone against him for costs. But having asserted his claim and lost, he can not now plead the invalidity of his own claim as ground to dismiss the action.

Error.