Plaintiff seeks to recover damages for injury to his hand by burning his timber, which he alleged was caused by fire negligently set out from one of defendant's engines "on or about 28 April, 1916." The complaint was filed at October Term, 1916, and answer 17 March, 1917, and motion was made by defendant under Revisal, sec. 496, to make the complaint more certain and definite at December Term, 1917. The court made the following order upon the motion: "In the above entitled cause and six others against the said defendant, it is ordered, upon motion of the defendant, that the complaint be made more definite, so as to show the day, and as near as practicable the hour and the direction of travel of the train or trains, alleged to have set out fire, as alleged in the complaint. The plaintiff to have forty days in which to file these amendments." Plaintiff excepted and appealed.
after stating the case: The motion might well have been denied, because of defendant's long delay and gross laches in moving for the amendment or for a bill of particulars, but, on the other hand, it does not appear that the plaintiff could not have amended his allegation so as to have complied with the order. Plaintiff says, in his brief, that it is impossible to make the allegation more definite. This, however should have been addressed to the judge, who has a large discretion in such matters. If it had appeared to him, by affidavit or otherwise, that such was the case, he doubtless would not have granted the motion, and no appeal would have been necessary to review his action, if an appeal will lie in such a case, it being purely a matter of discretion. Allen v. R. R., 120 N.C. 548; S. v. Brady, 107 N.C. 822,827; Conley v. R. R., 109 N.C. 692; Blackmore v. Winders, 144 N.C. 216; S. v. R. R., 149 N.C. 508.
(511) It was said in the case last cited that this Court "will not review or disturb on appeal" the order of the judge unless there has been manifest abuse of his discretion. We find no such abuse. The judge has merely ordered that the amendment, in the particular respects set forth by him, be made "as near as practicable," and the plaintiff should at least have made an attempt to comply with this order instead of appealing. If he found that he could not make the complaint more certain or definite, after proper effort to do so, and this appeared to the court to be the fact, it would, we are sure, not have required any further amendment, and this course may be taken when the case goes back to the Superior Court. *Page 543 
A motion was made in Conly v. R. R., supra, for a more definite statement upon a complaint similarly worded, and this Court strongly intimated that it should have been granted. But the defendant was far more diligent in that case than the defendant has been in this one. Such a motion should be granted by the court with great caution, when made on the eve of the trial, as it causes delay and vexation, and if the party who makes the motion has been very dilatory, his motion should not commend itself to the favorable consideration of the court, if he is allowed to so move at all after answer is filed. Allen v. R. R., 120 N.C. at p. 550.
But the court may, ex mero motu, direct the pleadings to be reformed.Buie v. Brown, 104 N.C. 335; Clark's Code, p. 207, sec. 261.
There is no reversible error in the ruling of the court, but the plaintiff will be allowed an opportunity to make his allegation more definite, if he can, and if it reasonably appears to the court that he cannot do so, the cause should proceed on the present complaint. There is neither the statement of a defective cause of action nor a defective statement of a cause of action, but an uncertain or indefinite statement of a cause of action, which can be corrected only by motion to make the pleading more definite, under Revisal, sec. 496, or by application for a bill of particulars, under section 494. Cause remanded with above directions.
No error.
Cited: Barbee v. Davis, 187 N.C. 82; Power Company v. Elizabeth City,188 N.C. 286; Sentelle v. Board of Education, 198 N.C. 391; InsuranceCompany v. Griffin, 200 N.C. 254; Farrell v. Thomas Howard Company,204 N.C. 633.