EAST CAROLINA LUMBER COMPANY, INCORPORATED, v. PAMLICO COUNTY; T. D. WARREN, JR., RECEIVER; DAVID LUPTON AND WIFE, VETA LUPTON.

(Filed 12 October, 1955.)

**1. Quieting Title § 1—**

    G.S. 41-10 is a remedial statute and must be liberally construed.

**2. Quieting Title § 2—**

    In an action to remove cloud from title, allegations that a receiver was without legal authority to convey the lands in question are sufficient as against demurrer without allegation of specific facts showing the receiver's want of authority, and are also sufficient predicate for attacking, upon allegations of want of title, the deed from the receiver's grantee to defendant.

WINBORNE, PARKER, and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendants from *Bone, J.,* Regular Judge holding the courts of the Fifth Judicial District, at consent hearing in Chambers during May, 1955, Term of Craven Superior Court. From PAMLICO.

Civil action to remove alleged clouds from title to real estate.

The defendants demurred to the complaint for failure to state facts sufficient to constitute a cause of action. From judgment overruling the demurrers, the defendants appeal.

*Willcox, Hardee, Houck & Palmer, McClelland & Burney, and Jones, Reed & Griffin for plaintiff, appellee.*

*B. B. Hollowell, W. B. R. Guion, R. E. Whitehurst, R. A. Nunn, Barden, Stith & McCotter, and Ward & Tucker for defendants, appellants.*

JOHNSON, J.   These in substance are the allegations of the complaint:  (1) that the plaintiff is the owner and entitled to the immediate possession of the lands described in the complaint; (2) that the following deeds purporting to convey the lands appear of record in the Public Registry of Pamlico County;  (a) deed of T. D. Warren, Jr., Receiver of East Carolina Lumber Company, to Pamlico County, dated 11 March, 1935, and (b) subsequent deed of Pamlico County to the defendant David Lupton; (3) that the deed made by the defendant T. D. Warren, Receiver, is void and of no legal force and effect, for that the grantor named therein was not vested with any legal authority to convey the lands; and (4) that the subsequent deed made by the defendant Pamlico County is void and of no legal force and effect, for that the County was not vested with title to the lands; (5) that each deed casts a cloud on plaintiff's title to the lands, entitling it to have "same removed in the manner prescribed by law."

The plaintiff does not challenge the form of the deed made by Warren, Receiver, to Pamlico County.   Instead, the plaintiff alleges that the Receiver was without legal authority to convey the lands described in the deed.   Therefore the defendants take the position that the plaintiff has elected to rest its case upon the allegation that the Receiver was without legal authority to convey.   On this hypothesis the defendants contend that the plaintiff's failure to allege specific facts showing the Receiver's want of authority to convey renders the complaint demurrable.   The contention is untenable.   The action was instituted under the Jacob Battle Act, Chapter 6, Public Laws of 1893, now codified as G.S. 41-10.   Prior to the passage of this Act, the procedure governing suits to quiet title had become so fixed by the settled rules of equity as to limit to narrow bounds the scope of relief in such suits.   *Rumbo v. Mfg. Co.,* 129 N.C. 9, 39 S.E. 581.   The statute was intended to afford an easy, expeditious mode of determining any and all conflicting claims to land.   *Satterwhite v. Gallagher,* 173 N.C. 525, 92 S.E. 369; McIntosh, North Carolina Practice and Procedure, Sections 986 and 987.   The statute is highly remedial in its nature and has received a liberal construction.   *Christman v. Hilliard,* 167 N.C. 4, 82 S.E. 949; *Ramsey v. Ramsey,* 224 N.C. 110, 29 S.E. 2d 340; *Wells v. Clayton,* 236 N.C. 102, 72 S.E. 2d 16; *Barbee v. Edwards,* 238 N.C. 215, 77 S.E. 2d 646.

In the case at hand the complaint meets minimum requirements under the statute.   The allegation that the Receiver's deed is void for want of legal authority to convey states ultimate facts sufficient to support specific evidentiary facts, if and when offered, showing the Receiver's lack of legal authority to make the deed.   See *Hawkins v. Moss,* 222 N.C. 95, 21 S.E. 2d 873; *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d 660.   The conclusion here reached is not at variance with the rules

explained and applied in *Wells v. Clayton, supra,* cited and relied on by the appellants.

What we have said respecting the deed of Warren, Receiver, suffices to show that the complaint states ultimate facts sufficient to overthrow the demurrer in respect to the plaintiff's attack on the subsequent deed made by Pamlico Couny to the defendant David Lupton.

This appeal does not present the question, discussed in the briefs and debated on the argument, whether the judgment under which the Receiver's deed purports to have been made is subject to collateral attack in this action. See *Bailey v. Hopkins,* 152 N.C. 748, 67 S.E. 569; *Christman v. Hilliard, supra; Stocks v. Stocks,* 179 N.C. 285, 102 S.E. 306; *Collins v. Highway Comm.,* 237 N.C. 277, 74 S.E. 2d 709.

The judgment overruling the demurrers is

Affirmed.

WINBORNE, PARKER, and HIGGINS, JJ., took no part in the consideration or decision of this case.