CECIL TYSON AND WIFE, HESTER TYSON v. STATE HIGHWAY COM-
    MISSION, MINNIE TYSON WINBORN AND HUSBAND, ROBERT
    WINBORN.

(Filed 18 March, 1959.)

**Eminent Domain § 11—**

    In an action by the owner of an interest in lands against the State
    Highway Commission to recover compensation for the taking of a portion
    of the land, the joinder, as a respondent, of the owner of the other in-
    terest in the land cannot result in a misjoinder of parties and causes,
    since the action is to enforce a single right to recover compensation,
    and the joinder of all parties having an interest in the land is required
    by G.S. 40-12.

APPEAL by respondent State Highway Commission from *Bone,
Resident Judge,* in chambers, 1 November 1958. WILSON.

Special proceeding for recovery of compensation for lands of pe-
titioners appropriated by respondent for highway purposes, heard
upon a demurrer.

A summary of the allegations of the petition follow:

Cecil Tyson is the owner of a farm containing 128.25 acres, and his
wife has a dower interest therein. On 1 January 1957 the respondent
appropriated a described part of it for highway purposes by virtue
of the power of eminent domain vested in it by G.S. 40-12 *et seq.* and
G.S. 136-19.

Cecil Tyson was the sole owner of a fee simple title to part of this
farm, and was the owner of a one-half undivided interest in the re-
maining part of the farm. The respondent Minnie Tyson Winborn is
the owner of the other one-half interest in the farm as a tenant in
common with Cecil Tyson. Robert Winborn is her husband.

Petitioners have been damaged by the taking of said land and by
damage to the remaining land, and have not been compensated by
the State Highway Commission.

The petitioners pray that the court appoint commissioners to ap-
praise the damages sustained by them as a result of the taking of
their property by the State Highway Commission, and fix the com-
pensation to which they are entitled.

The State Highway Commission demurred to the petition on the ground that there is a misjoinder of parties and causes.

The Clerk of the Court overruled the demurrer. On appeal Judge Bone overruled the demurrer, and the State Highway Commission appeals.

*Thorp, Spruill, Thorp & Trotter for petitioners, appellees.*

*Malcolm B. Seawell, Attorney General, Kenneth Wooten, Jr., Assistant Attorney General, Glenn L. Hooper, Jr., Trial Attorney, and Lucas, Rand & Rose for State Highway Commission, appellant.*

PER CURIAM. G.S. 40-12 required the petitioners to state in their petition the names of all parties who own or have, or claim to own or have, estates or interests in the land. The averments in the petition as to the respondents, Winborn, is in compliance with this statute. Petitioners seek no relief of any kind against the Winborns.

According to the allegations of the petition, the petitioners merely seek to enforce a single right, that is, to recover from the State Highway Commission compensation for lands of theirs appropriated by it for highway purposes.

There is no misjoinder of parties and causes, and Judge Bone correctly overruled the demurrer.

Affirmed.