EAST CAROLINA LUMBER COMPANY, INCORPORATED v. PAMLICO COUN-
TY; T. D. WARREN, JR., RECEIVER; DAVID LUPTON AND WIFE, VETA
LUPTON.

(Filed 23 September, 1959.)

**1. Pleadings § 19c—**

Where plaintiff files an amended complaint, in compliance with the order of the court, stating with particularity the facts relied on as constituting the basis of the action, a demurrer to the amended pleading will be determined on the basis of whether the particular grounds for relief alleged in the amended complaint are sufficient to constitute a cause of action.

**2. Receivers § 9—**

Where the debtor has executed a deed of trust on certain of his realty prior to the receivership, the receiver duly appointed obtains all right, title, and interest of the debtor in the property and may convey such interest, subject to whatever encumbrances exist against the property,

notwithstanding that the trustee is not a party in the receivership proceedings, although the trustee would be a necessary party to an action to foreclose the deed of trust.

**3. Quieting Title § 2—**

In an action to remove a cloud on title a complaint alleging that defendants claimed under a receiver's deed and that the trustee in a prior deed of trust executed by the debtor was not a party to the receivership proceedings, is demurrable, since the mere fact that the trustee in the deed of trust was not a party does not in itself render the receiver's deed ineffectual.

**4. Same—**

Where the complaint in an action to quiet title avers that the deed under which the defendants claim was ineffectual because of the insufficiency of the description, with further averment that the deed purported to convey the land described in the complaint, the complaint is demurrable, since if the description in the deed is ambiguous and insufficient the complaint would seen insufficient for failure to identify the lands claimed by plaintiff.

**5. Pleadings § 20½—**

Where a demurrer is sustained for failure of the complaint to state facts sufficient to constitute a cause of action, but not because the complaint affirmatively disclosed a defective cause of action, the action should not be dismissed, since plaintiff may move for leave to amend in accordance with G.S. 1-131.

PARKER, J., took no part in the consideration or decision of this case.

HIGGINS, J., not sitting.

APPEAL by plaintiff from *Stevens, J.,* Regular Judge holding the courts of the Third Judicial District, at consent hearing in Chambers during February Term, 1959, of Craven Superior Court. From PAMLICO.

Civil action to remove alleged clouds from title to real estate and to recover damages for trespass. Demurrers to amended complaint were sustained and the action dismissed. Plaintiff excepted and appealed.

*Hugh L. Wilcox, Royce C. McClelland and Jones, Reed & Griffin for plaintiff, appellant.*

*Barden, Stith & McCotter, Thorp, Spruill, Thorp & Trotter, Rodman & Rodman, Ward & Tucker, R. A. Nunn, B. B. Hollowell, R. E. Whitehurst and Norman & Rodman for defendants, appellees.*

BOBBITT, J. This action was commenced by summons issued August 12, 1958.

The original complaint herein includes allegations summarized by *Johnson, J.,* in *Lumber Co. v. Pamlico County,* 242 N.C. 728, 89 S.E. 2d 381, a prior action between the same parties relating to the same lands, as follows: "(1) that the plaintiff is the owner and entitled to the immediate possession of the lands described in the complaint; (2) that the following deeds purporting to convey the lands appear of record in the Public Registry of Pamlico County; (a) deed of T. D. Warren, Jr., Receiver of East Carolina Lumber Company, to Pamlico County, dated 11 March, 1935, and (b) subsequent deed of Pamlico County to the defendant David Lupton; (3) that the deed made by the defendant T. D. Warren, Receiver, is void and of no legal force and effect, for that the grantor named therein was not vested with any legal authority to convey the lands; and (4) that the subsequent deed made by the defendant Pamlico County is void and of no legal force and effect, for that the County was not vested with title to the lands; (5) that each deed casts a cloud on plaintiff's title to the lands, entitling it to have 'same removed in the manner prescribed by law.' " In said prior action, notwithstanding plaintiff's failure to allege specific facts showing the Receiver's want of authority to convey, the complaint was held sufficient to meet "minimum requirements" under G.S. 41-10.

In the present action, upon defendants' motion, the court required that plaintiff amend its complaint so as "To allege the particular facts upon which the plaintiff contends that the deeds, orders and other paper writings mentioned in the complaint are void and of no effect and fail to vest title to said lands in the defendants." G.S. 1-153; *Bristol v. R.R.,* 175 N.C. 509, 95 S.E. 850. Plaintiffs did not except to such order but, pursuant thereto, filed an amendment to complaint. Defendants demurred to the amended complaint.

In the original complaint herein, made more specific by the amendment, the particular alleged facts on which plaintiff based its broad allegations as to the Receiver's alleged want of authority to convey, are the following:

1. East Carolina Lumber Company, plaintiff's alleged "predecessor in title," was defendant in a certain action instituted in the Superior Court of Craven County entitled, *"Nina E. Basnight, Stein H. Basnight, Administrators of the estate of J. S. Basnight; Atlantic Bank & Trust Company, Eastman-Gardner Hardware Company, Frederick L. Smith, Watham and Company, C. H. Turner, et al., and all other creditors who may desire to join in this action, v. East Carolina Lumber Company."*

2. East. Carolina Lumber Company executed and delivered a deed

of trust dated November 1, 1924, duly recorded, to Citizens Trust Company, of Utica, New York, as Trustee, as security for ·bonds in the amount of $350,000.00, payable as provided therein, the last maturity date being May 1, 1934, which conveyed all of the real properties owned by it in Pamlico, Craven and Beaufort Counties, North Carolina.

3. Citizens Trust Company, Trustee, "the holder of the legal title to the said lands when the said action was instituted against the said East Carolina Lumber Company, Incorporated," was not made a party to said action; and "the order entered in the said action appointing T. D. Warren, Jr., Receiver, was and is void and of no legal force and effect as to the said Trustee, and did not vest the said Receiver with legal title to any of the properties, real or personal, or interest therein, owned by the said East Carolina Lumber Company, Incorporated, grantor in the said deed of trust."

In its amendment to complaint, plaintiff alleged, for the first time, that the deed from T. D. Warren, Jr., Receiver, to Pamlico County, is void because the description therein "is ambiguous and insufficient to identify the lands or any part thereof, . . ."

The demurrers of defendants Lupton assert that the amended complaint does not state facts sufficient to constitute a cause of action. If this be true, we need not consider the additional grounds asserted in the separate demurrers filed by Pamlico County and T. D. Warren, Jr., Receiver.

Treating the amendment to complaint as compliance with the court's said order, the question now presented is quite different from that considered on appeal in said prior action. Here plaintiff's allegations that the deed from T. D. Warren, Jr., Receiver, to Pamlico County, is void, are based upon, and limited to, two grounds, viz.: (1) Citizens Trust Company, Trustee, was not a party to the receivership action. (2) The description in said deed is ambiguous and insufficient.

The trustee in a deed of trust is a necessary party to an action *for the foreclosure of such deed of trust. Grady v. Parker,* 228 N.C. 54, 44 S.E. 2d 449, and cases cited. Here, however, no action to foreclose the deed of trust to Citizens Trust Company, Trustee, is involved.

East Carolina Lumber Company was a party to the receivership action. See *Lumber Co. v. West,* 247 N.C. 699, 102 S.E. 2d 248. Upon his appointment, the property of East Carolina Lumber Company vested in the Receiver subject to all liens then outstanding thereon. *Surety Corp. v. Sharpe,* 236 N.C. 35, 50, 72 S.E. 2d 109. As stated in 45 Am. Jur., Receivers § 407: "Where an order of sale is made with-

out notice to lien holders and they are in no way parties thereto, a sale made thereunder will not impair their liens, but the purchaser at the sale will take the property subject to their liens. If the order of sale makes no mention of such prior lien, or of encumbrances of any kind, the sale passes the title in the property as it is in the receiver, and subject to whatever encumbrances exist." In such case, only the debtor's equity is conveyed. 75 C.J.S., Receivers § 231.

The failure to make Citizens Trust Company, Trustee, a party to the receivership action does not invalidate the appointment of the Receiver or his deed to Pamlico County. Whether the Receiver's deed is void and of no legal force and effect *as to the said Trustee* need not be considered. Neither the Trustee nor the bondholders are parties to this action. The failure to make Citizens Trust Company, Trustee, a party to the receivership action, did not affect the validity of the Receiver's deed to Pamlico County as a conveyance of all the right, title and interest of East Carolina Lumber Company in and to the property described therein.

As to whether the description in the deed from T. D. Warren, Jr., Receiver, to Pamlico County, is ambiguous and insufficient: Plaintiff's allegations are that this deed and the deed from Pamlico County to David Lupton *purported to convey the lands described in the complaint*. Nothing in the complaint suggests that the description in said deeds differs from the description set forth in the complaint. Thus, if the description in these deeds is ambiguous and insufficient the complaint would seem insufficient for failure to identify the lands claimed by plaintiff.

The demurrers were properly sustained. Even so, the court was in error in dismissing plaintiff's action. Plaintiff may move for leave to amend in accordance with G.S. 1-131. When a demurrer is sustained, the action will be *then dismissed* only if the allegations of the complaint *affirmatively disclose* a defective cause of action, that is, that plaintiff has no cause of action against the defendant. *Elliott v. Goss*, 250 N.C. 185, 189, 108 S.E. 2d 475; *Skipper v. Cheatham*, 249 N.C. 706, 711, 107 S.E. 2d 625, and cases cited.

The portion of the judgment sustaining the demurrer is affirmed, but the portion thereof dismissing the action is erroneous and should be stricken therefrom. It is so ordered. As so modified, the judgment is affirmed.

Modified and affirmed.

PARKER, J., took no part in the consideration or decision of this case.

HIGGINS, J., not sitting.