CLAUDE JACOBS, PETITIONER v. STATE HIGHWAY COMMISSION, RESPONDENT.

(Filed 1 March, 1961.)

**1. Pleadings § 12—**

A pleading will be liberally construed upon demurrer with a view to substantial justice between the parties, and the demurrer admits the truth of factual averments well stated and such inferences of fact as may be deduced therefrom. G.S. 1-127, G.S. 1-151.

**2. Eminent Domain § 8—**

A petition alleging the ownership of a leasehold interest in real estate, the taking of the property by respondent under statutory authority, the authority of respondent to maintain the proceedings, and damage, with request that the damages be appraised in accordance with law, states a good cause of action, G.S. 40-12, and the fact that the petition refers to the public register for a more complete description of the property does not make petitioner's title to depend upon the nature of the instrument referred to.

JACOBS *v.* HIGHWAY COMMISSION.

**3. Same—**

While a petition under G.S. 40-12 must state the names of all parties who own or claim any interest in the land, the failure of petitioner-leasee to name such others is a defect which does not go to the substance of the action, and constitutes a defective statement of a good cause of action.

**4. Pleadings § 19—**

A demurrer to a pleading setting forth a defective statement of a good cause of action may not be allowed prior to the expiration of the time for obtaining leave to amend.

APPEAL by petitioner from *Hooks, S. J.,* at August-September Special Term, 1960, of JACKSON.

Special proceeding to assess and recover damages for the taking of petitioner's alleged leasehold interest in a certain service station-garage by the State Highway Commission in accordance with Chapter 40 of the General Statutes of North Carolina.

This appears: The respondent, North Carolina State Highway Commission, undertook the reconstruction and re-location of Highway 19A as it runs through the town of Dillsboro, Jackson County, North Carolina. The petitioner at the time the construction started was operating a service station-garage in the town of Dillsboro, adjacent to the old Highway 19A. The service station-garage property was taken by the Highway Commission in its reconstruction and re-location of Highway 19A. Thereupon petitioner instituted this action.

When the cause came on for hearing and being heard the respondent demurred *ore tenus* on the ground that the petition failed to state facts sufficient to constitute a cause of action. The demurrer was sustained and the court, in its discretion, denied petitioner's motion to amend. To the signing and entry of the foregoing judgment petitioner objects and excepts, and appeals to the Supreme Court and assigns error.

*M. Buchanan, T. D. Bryson, Jr., for petitioner appellant.*
*Attorney General Wade Bruton, Assistant Attorney General Harrison Lewis, Trial Attorney Andrew McDaniel, Hall & Thornburg for the State Highway Commission.*

WINBORNE, C.J.: The sole question presented for decision is whether or not the lower court erred in sustaining the respondent's demurrer *ore tenus*. The question thus presented involves a question of pleading which has been the subject of many decisions of this Court.

The office of a demurrer is to test the sufficiency of a pleading, ad-

mitting, for the purpose, the truth of factual averments well stated and such relevant inferences of fact as may be deduced therefrom. Furthermore, pleadings challenged by a demurrer are to be construed liberally with a view to substantial justice between the parties. G.S. 1-127. G.S. 1-151. *McKinley v. Hinnant*, 242 N.C. 245, 87 S.E. 2d 568.

When the State Highway Commission, in the exercise of the power of eminent domain conferred upon it by statute, G.S. 136-19, takes land or any interest therein for highway purposes, the owner's remedy is by special proceeding as provided by G.S. 40-12, *et seq.* As is said in *Proctor v. Highway Commission*, 230 N.C. 687, 55 S.E. 2d 479, "If the State Highway and Public Works Commission and a landowner are unable to agree upon the compensation justly accruing to the latter from a taking of property by the former, the matter is to be determined once for all in a condemnation proceeding instituted by either party under the provisions of Chapter 40 of the General Statutes." See also *Gallimore v. Highway Comm.*, 241 N.C. 350, 85 S.E. 2d 392; *Cannon v. Wilmington*, 242 N.C. 711, 89 S.E. 2d 595; *Ferrell v. Highway Comm.*, 252 N.C. 830, 115 S.E. 2d 34.

Indeed, in *Gallimore v. Highway Commission, supra, Bobbitt, J.,* said: "The procedure in such special proceeding is that prescribed in G.S. Ch. 40 entitled "Eminent Domain." G.S. 40-12 specifies the necessary allegations of such petition. In brief, these consist of allegations that petitioners own the property appropriated and pray that commissioners be appointed to ascertain and determine the amount of compensation 'which ought justly be made.' "

Petitioner's allegations may be summarized as follows: First, it is alleged that he is the owner of a "certain leasehold interest in and to that certain piece, parcel or tract of land" which, he alleges is "described in a contract dated 26 April, 1957," and which he also alleges is recorded in the office of the Register of Deeds of Jackson County, North Carolina, in Book 223 at page 245, and to which public records he makes reference in his petition for a more complete description thereof.

Secondly, he alleges that the respondent, North Carolina State Highway Commission has the power and liability described by statute to sue and be sued in such a proceeding.

Thirdly, the petitioner alleges that the respondent, North Carolina Highway Commission, was authorized to acquire the right of way necessary and proper for the construction of Highway 19A, and that "under the authority aforesaid" the respondent, North Carolina State Highway Commission appropriated and took all of the lands of the petitioner "as described in paragraph one above, and all of the buildings and improvements located on said real estate."

Fourthly, the petitioner alleges that in the appropriation and taking of "the leasehold of your petitioner and the improvements thereon" the petitioner was damaged.

Finally, the petitioner prayed that the court appraise the damages to the petitioner in the manner prescribed by law.

Petitioner does not, as respondent seems to contend, allege that he is the owner of a leasehold interest in the real property by virtue of the "Dealer Sales Contract" which is incorporated in, and attached to the petition. Petitioner states that the contract is referred to for a more complete description. Thus the petitioner alleges ownership of a leasehold interest in real estate, authority for the taking, authority for his action, the actual taking, and that he was damaged by the taking and requests that his damages be appraised in accordance with the law. Therefore the conclusion is that the petition states a good cause of action, as the respondent was thereby informed of the grievance asserted and the remedy sought. G.S. 40-12. *Davis v. Rhodes,* 231 N.C. 71, 56 S.E. 2d 43.

As is aptly stated by *Parker, J.,* in *Williams v. Highway Comm.,* 252 N.C. 141, 113 S.E. 2d 263, "Respondent is an agency of the State government. It entirely took petitioner's whole leasehold estate under the right of eminent domain, which is the power of the sovereign to take or damage private property for a public use on payment of just compensation."

However, it must be noted that G.S. 40-12 also requires petitioner to state the "names of all parties who own or have, or claim to own or have estates or interest in the land." *Tyson v. Highway Comm.,* 249 N.C. 732, 107 S.E. 2d 630. Petitioner failed to make such allegation in the present case. But this defect does not go to the substance of the cause. This constitutes a defective statement of a good cause of action. A defective statement of a good cause of action is one in which an enforceable cause of action is stated, but is stated, inartificially or without sufficient clearness, or definiteness or particularity. *Allen v. R.R.,* 120 N.C. 548, 27 S.E. 76; *Davis v. Rhodes, supra; Scott v. Veneer Co.,* 240 N.C. 73, 81 S.E. 2d 146.

And in this connection, the law of this State is that where a pleading contains a defective statement of a good cause of action, as the omission of a necessary allegation, which can be cured by amendment, a demurrer will lie. *Bowling v. Burton,* 101 N.C. 176, 7 S.E. 701; *Mizzell v. Ruffin,* 118 N.C. 69, 23 S.E. 927; *Ladd v. Ladd,* 121 N.C. 118, 28 S.E. 190; *Blackmore v. Winders,* 144 N.C. 212, 56 S.E. 874; *Bank v. Duffy,* 156 N.C. 83, 72 S.E. 96.

But a complaint or petition cannot be overthrown by a demurrer unless it be wholly insufficient, at least until the time for obtaining

leave to amend has expired. *Blackmore v. Winders, supra; Lumber Co. v. Pamlico County,* 250 N.C. 681, 110 S.E. 2d 278.

Therefore, taking the facts alleged in the petition to be true, as is done in a civil action in this State, in considering the sufficiency of a pleading to withstand the challenge of demurrer, and applying the applicable principles of law, the conclusion is that the petition states a cause of action, though defectively, and the court erred in sustaining the respondent's demurrer *ore tenus* on the ground the petition failed to state a cause of action.

The case will be remanded to the court below to the end that further proceedings be had as to right and justice appertain and the law directs.

Error and remanded.