FRED H. POORE v. SWAN QUARTER FARMS, INC.; AND A. H. VAN DORP AND
WIFE, MARY H. VAN DORP

No. 812SC526

(Filed 4 May 1982)

**Fraud § 9, Judgments § 5.1— summary judgment on fraud claim proper —previous final determination of rights**

The trial judge properly granted summary judgment on a fraud claim for defendants where plaintiff initiated a civil action against defendants in 1969 in which plaintiff prayed for a writ of mandamus requiring the issuance of stock, the election of officers, and an accounting concerning a corporation in which both parties had an interest; the parties waived trial by jury and a consent order was drawn on 18 May 1970 requiring that the stockholders meet and elect directors, that the directors elect officers, that stock certificates be issued and the corporate affairs be put in order; the cause was retained by the superior court "for such further orders" as would be "necessary to the proper determination of the rights of the parties" should conditions thereafter warrant; and on 1 August 1973, plaintiff filed a motion in the cause alleging, among other allegations, fraud in the acquisition of the corporation's property by defendants. The court's order of 18 May 1970 was a final determination of the case as circumscribed by the complaint, answer and counterclaim, and the facts adduced in support of the fraud charge were inapposite to any issue determined by the court or to any directive included in its order of 18 May 1970. Further, even were the 18 May 1970 order determined to be interlocutory, the three year statute of limitations, G.S. 1-52(9), would have nevertheless compelled entry of summary judgment.

APPEAL by plaintiff from *Brown, Judge.* Judgment entered 21 November 1980 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 13 January 1982.

Plaintiff, an incorporator of defendant Swan Quarter Farms, Inc., initiated a civil action against defendants in 1969. His complaint, verified 18 June, alleged that defendant corporation was chartered 11 June 1962. Its four incorporators were to receive equal shares of the authorized stock, but during July of 1962, Fred C. Adair, one of the principals, transferred his rights to the other three equally and severed his connection with the corporation. On 20 January 1967, defendant A. H. Van Dorp, also a principal, purchased the interest of William H. Page. No stock was ever issued, however, so no transfers took place.

The complaint further alleged that on 2 June 1962, defendant corporation acquired valuable farm and timberland in Hyde

County by deed from plaintiff and wife and defendant A. H. Van Dorp and Mary H. Van Dorp, the deed being subject to a prior deed of trust. The value of the land was alleged to exceed substantially the amount of the indebtedness which the deed of trust secured.

The complaint alleged that A. H. Van Dorp had, since acquiring Page's interest, assumed de facto control of the corporation and its assets, ignoring proper corporate procedures and duties by reason of his failure to have stock issued and his failure to hold meetings of the stockholders or directors. It was alleged that defendant A. H. Van Dorp managed and worked the corporation's land and retained all the proceeds therefrom without making a proper accounting, and that he neglected to pay certain obligations arising out of the farming operation or to pay the obligation secured by the deed of trust as it became due.

It was alleged further that defendant Van Dorp, on 8 April 1969, demanded from plaintiff $3220.97, or one third of the amount due on the deed of trust, but that plaintiff refused to make the payment and demanded that the corporate affairs be put in order, that proper procedures be followed, that the corporate records be brought up to date, and that other measures be taken to comply with North Carolina law. Defendant A. H. Van Dorp then indicated that he and his wife intended to meet the debt and acquire all the assets of the corporation. Plaintiff prayed for a writ of mandamus requiring the issuance of stock, the election of officers, and an accounting.

Defendants, by their answer of 7 August 1969, denied the material allegations of the complaint and averred that the corporation's land had been improved, that meetings had been held, and that obligations had been met as they arose. They averred that defendant Mary H. Van Dorp had advanced $10,570 to the corporate defendant to save its property from foreclosure and that plaintiff's interest in the corporation was subject to that indebtedness. Defendants prayed that plaintiff have no relief and counterclaimed for an accounting of all income, expenses and profits for the years 1964 through 1966 when plaintiff farmed the corporate lands and for a lien on the corporate assets in favor of Mary H. Van Dorp for the amount she had advanced to the corporation.

The parties waived trial by jury and a consent order was drawn on 18 May 1970 requiring that the stockholders meet and elect directors, that the directors elect officers, that stock certificates be issued and that the corporate affairs be put in order. The cause was retained by the Superior Court "for such further orders" as would be "necessary to the proper determination of the rights of the parties" should conditions thereafter warrant.

Plaintiff alleged on 22 February 1971 that defendant had not cooperated in holding meetings and putting the corporate affairs in order, and an order was entered requiring defendant A. H. Van Dorp to appear and show cause why he should not be held in contempt, but no hearing was ever held.

On 1 August 1973, plaintiff filed a motion in the cause alleging that a meeting of the stockholders was held and directors elected, that a directors' meeting was held and officers elected, that stock had been issued, but that no further meetings of the directors or stockholders had taken place. It was alleged that defendants, who continued to operate the corporate farm, had refused to advise plaintiff as to the affairs of the corporation despite his repeated requests. Plaintiff indicated that he had by chance recently discovered that the individual defendants on 25 March 1969, acting in the name of the corporation, conveyed all of the corporation's property to Mary H. Van Dorp. Plaintiff alleged in the motion that defendants had not disclosed the fact of the sale to their attorney and that they made no reference to the transaction in their answer of 7 August 1969, stating, on the other hand, that the corporation was indebted to Mary H. Van Dorp. He further alleged that defendants' failure to disclose the true facts to the court and the filing of the answer were a deliberate fraud. He prayed for full relief and requested that the deed from the corporation to Mary H. Van Dorp be stricken as a fraudulent transaction and an illegal attempt to deprive the corporation of its property. An order was entered on 6 August 1973 granting plaintiff access to all corporate records made since 18 May 1970 and to the records relating to the purported deed.

On 25 July 1980, the matter was placed on the calendar for the 17 November Civil Session of Superior Court in Beaufort County. Defendants moved for summary judgment, accompanied by the affidavit of defendant A. H. Van Dorp. Plaintiff filed a

responsive affidavit. Plaintiff appeals from an entry of summary judgment.

*Samuel G. Grimes for plaintiff appellant.*

*McMullan and Knott, by Lee E. Knott, Jr., for defendant appellees.*

MORRIS, Chief Judge.

Rule 12(a) of the Rules of Appellate Procedure requires that appellant file the record on appeal with the Clerk of this Court no later than 150 days after giving notice of appeal. Notice of appeal in this case was given on 21 November 1980, and the record was filed 180 days later on 20 May 1981. Defendants moved pursuant to Rule 25 to dismiss the appeal for failure to take action within the time allowed by the rules. No extension had been granted. The appeal is subject to dismissal. We choose to treat the appeal as a petition for a writ of certiorari, allow the writ and discuss the matter on its merits.

Plaintiff argues that the trial judge erred in finding that there was no genuine issue of material fact and that defendants were entitled to a judgment as a matter of law. He points out that the affidavits embrace conflicting facts, that his affidavit contains facts which, if true, constitute grounds for relief, and that the facts as presented by defendants do not entitle them to a judgment as a matter of law. The only material facts said to be in issue pertain to the allegation of fraud. Yet plaintiff by his motion of 1 August 1973 for the first time alleged fraud in the conveyance of corporate property to Mary H. Van Dorp. He thus raised a matter not addressed in the pleadings and therefore not adjudicated. We hold that the court's order of 18 May 1970 was a final determination of this case as circumscribed by the complaint, answer and counterclaim, and that Judge Brown properly granted summary judgment in favor of defendants.

Plaintiff contends that the order of 18 May 1970 was merely interlocutory because it specifically retained the cause for "such further orders as may be necessary to the proper determination of the rights of the parties." He argues that the order envisioned more than the possibility that the court would have to give effect to its instructions to hold meetings of the shareholders and direc-

tors, issue stock, and put the affairs of the corporation in order. Indeed, he urges upon us the view that the order was drawn to allow some future determination of the rights of the parties. We cannot subscribe to this notion in light of the fact that the issues raised were considered, and that plaintiff received by the order of 18 May all he prayed for in his complaint.

> An interlocutory judgment is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy; a final judgment is one which disposes of the cause as to all parties, *leaving nothing to be judicially determined between them in the trial court. Veasey v. City of Durham,* 231 N.C. 357, 57 S.E. 2d 377 (1950).

(Emphasis added.) *Hinson v. Hinson,* 17 N.C. App. 505, 508-509, 195 S.E. 2d 98, 100 (1973).

> An interlocutory order or judgment differs from a final judgment in that an interlocutory order or judgment is "subject to change by the court during the pendency of the action to meet the exigencies of the case" (citations).

*Russ v. Woodward,* 232 N.C. 36, 41, 59 S.E. 2d 351, 355 (1950).

The order of 18 May 1970 put to rest the main purpose of the action and completely determined the rights of the parties. None of the questions raised was retained. "[T]here was nothing further to be done; there were no further questions or directions reserved for the future action of the court, . . ." *Flemming v. Roberts,* 84 N.C. 532, 539 (1881). The order was therefore final, and except for the court's reservation of the power to encourage compliance, was "consigned to the shelves of finished business." *Id.* By way of contrast, "[a]n interlocutory order or decree is provisional or preliminary only. *It does not determine the issues joined in the suit,* but merely directs some further proceedings preparatory to the final decree." (Emphasis added.) *Johnson v. Roberson,* 171 N.C. 194, 196, 88 S.E. 231, 231-32 (1916).

Plaintiff apparently learned of the suspected fraudulent conveyance just prior to 1 August 1973, when he filed a motion in the cause outlining the sale of corporate property to Mary H. Van Dorp. It would have been appropriate at that time to file an ac-

tion alleging fraud rather than attempt to raise the question by a motion in the cause. The facts adduced in support of the charge as set forth in the motion were, unfortunately, inapposite to any issue determined by the court or to any directive included in its order of 18 May 1970.

Even were we to deem the 18 May 1970 order interlocutory, the three-year statute of limitations, G.S. 1-52(9), would have nevertheless compelled entry of summary judgment. A cause of action to set aside an instrument for fraud accrues and the statute of limitations begins to run when the aggrieved party discovers or should have discovered the facts constituting the fraud. *Wilson v. Development Company*, 276 N.C. 198, 171 S.E. 2d 873 (1970). There can be no recovery except on the case made by the pleadings, of course, *Moody v. Kersey*, 270 N.C. 614, 155 S.E. 2d 215 (1967); *Collas v. Regan*, 240 N.C. 472, 82 S.E. 2d 215 (1954), and claim of fraud must be stated with particularity. Rule 9(b), N.C. Rules of Civil Procedure. Had plaintiff discovered the alleged fraud as late as 1 August 1973, he would have had only three years from that time to amend his complaint to state properly a cause of action for fraud. See *Roberts v. Coca Cola Bottling Co.*, 257 N.C. 656, 127 S.E. 2d 236 (1962).

For the reasons stated above, we find that the order of summary judgment was appropriately entered. The court's judgment is, therefore,

Affirmed.

Judges VAUGHN and MARTIN (Harry C.) concur.