FRED H. POORE AND WIFE, MARIE C. POORE v. SWAN QUARTER FARMS, INC., A. H. VAN DORP AND MARY H. VAN DORP

No. 852SC372

(Filed 4 February 1986)

1. **Rules of Civil Procedure § 12— judgment on the pleadings**

Where the trial court considered only the pleadings in determining defendants' motions for judgment on the pleadings, summary judgment, and dismissal for failure to state a claim, its ruling must be treated as one under N.C.G.S. 1A-1, Rule 12(c) for a judgment on the pleadings and not under Rule 56 for summary judgment.

2. **Quieting Title § 2.1— sufficiency of complaint**

Plaintiffs stated a claim sufficient to defeat a Rule 12(c) motion to dismiss on the pleadings where they alleged that noncompliance with legal formalities voided 16 June 1962 and 25 March 1969 deeds and these deeds constituted a cloud on their title.

3. **Quieting Title § 1— action to remove cloud upon title—no ejectment action— no statute of limitations**

Plaintiffs' action was one to remove a cloud upon title rather than one in ejectment where plaintiffs made no specific allegation that defendants were in actual possession at the time of the filing of the action, and plaintiffs did not specifically seek to recover possession in their demand for relief but merely prayed for rents and profits and removal of the deeds as a cloud upon their title; therefore, their action was not barred by the statute of limitations, as no such statute exists in this kind of action.

4. **Quieting Title § 2.1— no judgment on pleadings**

In an action to remove cloud upon title, the pleadings failed to disclose sufficient facts and circumstances to permit judgment on the pleadings based on laches, estoppel, or adverse possession.

5. **Judgments § 37.3— action to remove cloud upon title—previous action for fraudulent conveyance—no res judicata**

Res judicata did not apply to bar plaintiffs' claims to quiet title based on noncompliance with legal formalities in the execution of deeds, since plaintiff in an earlier action sought to set aside one of the deeds in question as a fraudulent conveyance, and this action therefore involved a claim separate and distinct from that in the earlier action between the parties.

APPEAL by plaintiff from *Farmer, Judge.* Judgment entered 13 November 1984 in Superior Court, HYDE County. Heard in the Court of Appeals 23 October 1985.

Plaintiffs brought this action seeking to remove a cloud upon the title to certain real property in which they claim a one-half undivided interest in fee simple. The complaint alleged, in pertinent part, that:

Plaintiffs, together with individual defendants A. H. Van Dorp and Mary Van Dorp, conveyed property to defendant corporation on 16 June 1962. On 25 March 1969 defendant corporation conveyed this property to individual defendant Mary Van Dorp. Since defendant corporation "was never properly constituted to do business, was never a proper corporate entity, and therefore had no legal existence from the time of its purported incorporation until the suspension of its charter," the 16 June 1962 deed "had no legal effect and failed to convey any of the plaintiffs' interest." Likewise, the 25 March 1969 deed to Mary Van Dorp was of no legal effect because "defendant corporation never obtained proper corporate authority approving said conveyance as required by [law]."

Plaintiffs prayed the court to remove the deeds "as a cloud upon the plaintiffs' title to said land and that plaintiffs be declared the owners in fee simple of a one-half undivided interest in said land." They prayed in the alternative that if the court found the 16 June 1962 conveyance valid, it remove the subsequent 25 March 1969 conveyance as a cloud and declare defendant corporation the fee simple owner of the property.

Defendants alleged the following defenses in their answer: failure to state a claim upon which relief can be granted, collateral estoppel, *res judicata*, estoppel, statute of limitations, laches, and adverse possession. They then moved for judgment on the pleadings, summary judgment, and dismissal for failure to state a claim.

Plaintiffs appeal from the granting of summary judgment in favor of defendants.

*Wayland J. Sermons, Jr., P.A., by Wayland J. Sermons, Jr., for plaintiff appellant.*

*McMullan & Knott, by Lee E. Knott, Jr., for defendant appellees.*

WHICHARD, Judge.

[1] The parties offered and the court considered only the pleadings in determining defendants' motions for judgment on the pleadings, summary judgment, and dismissal for failure to state a claim. It did not consider any "affidavits, depositions, answers to interrogatories, admissions, documentary materials, facts which are subject to judicial notice, [or] any other materials which would be admissible in evidence at trial." *Huss v. Huss,* 31 N.C. App. 463, 466, 230 S.E. 2d 159, 162 (1976). Therefore, we must consider the ruling to have been under N.C. Gen. Stat. 1A-1, Rule 12(c) for a judgment on the pleadings and not under N.C. Gen. Stat. 1A-1, Rule 56 for summary judgment. *Id.*

> Upon a motion for judgment on the pleadings the allegations of the non-movant are taken as true and all contravening assertions of the movant are taken as false. . . . Judgment on the pleadings is not favored by the law, and the non-movant's pleadings will be liberally construed. . . . The trial court is required to view the facts and permissible inferences in the light most favorable to the non-movant. [Citations omitted.]

*Id.* Under N.C. Gen. Stat. 1A-1, Rule 12(h)(2), defendants' motion for judgment on the pleadings properly included the defense of failure to state a claim upon which relief can be granted. We hold that plaintiffs have stated a claim.

[2] "Actions to quiet title are governed by N.C. Gen. Stat. 41-10 . . . ." *Boyd v. Watts,* 73 N.C. App. 566, 571, 327 S.E. 2d 46, 50, *disc. rev. allowed,* 314 N.C. 114, 332 S.E. 2d 479 (1985). "This statute is remedial in nature, designed to provide a means for determining all adverse claims to land, including those formerly encompassed within the equitable proceedings to remove clouds on title." *Id.* "Ordinarily, any person claiming title to real estate, whether in or out of possession, may maintain an action to remove a cloud from title against one who claims an interest in the

property adverse to the claimant, and is required to allege only that . . . [defendants claim] an interest in the land in controversy." *Ramsey v. Ramsey*, 224 N.C. 110, 113, 29 S.E. 2d 340, 342 (1944). However, while it is not necessary, except in cases of fraud, for plaintiffs to set forth the nature of defendants' claim, " 'the adverse or beclouding character of the claim . . . should appear from the complaint.' " *Id., quoting* 44 Am. Jur., sec. 79, p. 63. In *Lumber Co. v. Pamlico County*, 242 N.C. 728, 729, 89 S.E. 2d 381, 381-82 (1955), plaintiff's complaint in an action to remove certain deeds as a cloud upon its title simply alleged that defendant receiver's deed was void because the receiver lacked legal authority to convey. The Court held that the complaint stated a claim under N.C. Gen. Stat. 41-10 despite "plaintiff's failure to allege specific facts showing the Receiver's want of authority to convey . . . ." *Id.*

Plaintiffs here alleged that non-compliance with legal formalities voids the 16 June 1962 and 25 March 1969 deeds. They have not alleged fraud. Accordingly, despite failure to state specific facts underlying these allegations, the complaint nevertheless, under the liberal theory of notice pleading and in light of *Lumber Co.*, is minimally sufficient to state a claim for relief.

"A judgment on the pleadings in favor of [defendants who assert] the statute of limitations as a bar is proper when, and only when, all the facts necessary to establish the limitation are alleged or admitted." *Flexolite Electrical v. Gilliam*, 55 N.C. App. 86, 87-88, 284 S.E. 2d 523, 524 (1981). A preliminary question, however, is what statute of limitations, if any, applies to plaintiffs' action. There is no express statute of limitations governing actions to quiet title under N.C. Gen. Stat. 41-10. It thus is necessary to refer to plaintiffs' underlying theory of relief to determine which statute, if any, applies. *See Oates v. Nelson*, 269 C.A. 2d 18, 21, 74 Cal. Rptr. 475, 477 (1969).

[3] Specifically, we must decide whether plaintiffs' action is one to remove a cloud upon title or is essentially an action in ejectment. N.C. Gen. Stats. 1-38 and 1-40 are the applicable statutes of limitation for ejectment actions. *Poultry Co. v. Oil Co.*, 272 N.C. 16, 19, 157 S.E. 2d 693, 696 (1967). These statutes prescribe "the period of time beyond which the owner of land is not privileged to bring an action . . . for the recovery of his land from a person in

possession thereof." 7 *Powell on Real Property*, Sec. 1012[1] at 91-2 (1985 Supp.).

Actions to remove a cloud upon title are in essence ejectment actions and properly reviewed as such " 'where . . . defendants are in actual possession and plaintiffs seek to recover possession . . . .' " *Hayes v. Ricard*, 244 N.C. 313, 320, 93 S.E. 2d 540, 546 (1956). Plaintiffs did pray the court that "defendants A. H. Van Dorp and Mary H. Van Dorp be required to account to the plaintiffs for the rents and profits derived from said land while in exclusive possession as tenants in common." This prayer clearly implies that the individual defendants have been in actual possession of the subject property at some time. However, plaintiffs made no specific allegation that defendants were in actual possession at the time of the filing of this action. Likewise, plaintiffs did not seek specifically to recover possession in their demand for relief but merely prayed for rents and profits and removal of the deeds as a cloud upon their title. Under these circumstances we cannot find that plaintiffs' action is in essence one for ejectment and therefore controlled by N.C. Gen. Stats. 1-38 and 1-40. Rather, we hold that plaintiffs' action is one to remove a cloud upon title.

We further hold that no statute of limitations runs against plaintiffs bringing actions for removal of a cloud upon title. *See Orange & Rockland Util. v. Philwold Estates*, 52 N.Y. 2d 253, 261, 418 N.E. 2d 1310, 1313 (1981); *see also Oates v. Nelson*, 269 C.A. 2d 18, 74 Cal. Rptr. 475 (1969). Such an action " 'is a continuing right which exists as long as there is an occasion for its exercise.' " *Orange*, 52 N.Y. 2d at 261, 418 N.E. 2d at 1313.

> The purpose of a Statute of Limitations is to put an end to stale claims, not to compel resort to the courts to vindicate rights which have not been and might never be called into question. The requirement of prompt action is imposed as a policy matter upon persons who would *challenge* title to property rather than those who seek to quiet title to their land.

*Id.* Accordingly, we conclude that plaintiffs' action is not barred by any statute of limitations.

[4] We further hold that the doctrine of laches does not bar plaintiffs' action. This doctrine "is more flexible than the statute

Poore v. Swan Quarter Farms, Inc.

of limitations, and may bar an equitable remedy by reason of inexcusable neglect or prejudicial delay . . . ." *Huss*, 31 N.C. App. at 469, 230 S.E. 2d at 163. "Delay which will constitute laches depends upon the facts and circumstances of each case." *Id.* The pleadings here do not "disclose sufficient facts and circumstances to dispose of this case." *Id.* Defendants' allegation in their answer that "substantial improvements and betterments have been made to the land" does not establish this defense at the pleading stage.

The pleadings also fail to disclose sufficient facts and circumstances to permit judgment on the pleadings based on either estoppel or adverse possession. *See Nationwide Mut. Insur. Co. v. Edwards*, 67 N.C. App. 1, 6, 312 S.E. 2d 656, 660 (1984) (party claiming protection under rule of equitable estoppel has burden of establishing facts warranting its application); *Board of Education v. Lamm*, 6 N.C. App. 656, 660, 171 S.E. 2d 48, 51 (1969), *affirmed*, 276 N.C. 487, 173 S.E. 2d 281 (1970) (party claiming title by adverse possession has burden of proof on that issue).

[5]  Lastly, defendants' answer raises the companion defenses of *res judicata* and collateral estoppel. *Res judicata* applies

> when there has been a final judgment or decree, necessarily determining a fact, question or right in issue, rendered by a court of record and of competent jurisdiction, and there is a later suit involving an issue as to the identical fact, question or right theretofore determined, and involving identical parties or parties in privity with a party or parties to the prior suit.

*King v. Grindstaff*, 284 N.C. 348, 355, 200 S.E. 2d 799, 805 (1973), *quoting Masters v. Dunstan*, 256 N.C. 520, 124 S.E. 2d 574 (1962). "Under a companion principle of *res judicata*, collateral estoppel by judgment, parties and parties in privity with them—even in unrelated causes of action—are precluded from retrying fully litigated issues that were decided in any prior determination and were necessary to the prior determination." *Id.* at 356, 200 S.E. 2d at 805.

We hold that *res judicata* does not apply to bar plaintiffs' claims because they are unrelated to the earlier action in *Poore v. Swan Quarter Farms*, 57 N.C. App. 97, 290 S.E. 2d 799 (1982). There plaintiff Fred Poore brought an action in fraud against the

defendants here seeking, in part, to set aside the 25 March 1969 deed to Mary Van Dorp as a fraudulent conveyance. The trial court granted summary judgment in favor of defendants, and this Court affirmed.

Plaintiffs' action here, by contrast, is one under N.C. Gen. Stat. 41-10 to quiet title. Plaintiffs have not alleged fraud as grounds for extinguishing the 16 June 1962 and 25 March 1969 deeds. Non-compliance with legal formalities, not fraud, is the alleged basis for this action. Plaintiffs therefore have alleged a claim separate and distinct from that in *Poore, supra*, thereby precluding application of *res judicata*.

Likewise, the issue here as raised by the pleadings, *viz*, whether non-compliance with legal formalities voids the two deeds, was not fully litigated or decided in *Poore* and was not necessary to the determination there. *King* at 356, 200 S.E. 2d at 805. Accordingly, plaintiffs are not collaterally estopped from litigating it in this action.

For the foregoing reasons, we hold that the court erred by granting summary judgment in favor of defendants. The court's order is therefore

Reversed.

Judges EAGLES and COZORT concur.