MURPHY, Judge.
Where a plaintiff fails to comply with the statute of limitations, summary judgment is properly granted in favor of a defendant. Here, Plaintiff Debra LaMarre brought her action to quiet title after the statute of limitations for fraud had run. The trial court did not err in granting summary judgment for Defendant Saul-Usiel Santiago Martinez.
BACKGROUND
Plaintiff, Debra LaMarre ("LaMarre"), brought suit against Defendant, Saul-Usiel Santiago Martinez ("Martinez"), to quiet title in real property once owned by LaMarre's family. Martinez purchased the property in question from LaMarre's brother, Frank Eason, Jr. ("Frank Jr."), on 16 April 2015. LaMarre's complaint alleges title to the property was fraudulently transferred from her mother, Elizabeth Eason ("Eason"), to Frank Jr. in 2001. LaMarre contends that, because Frank Jr. did not have a valid interest in the property when he transferred the land to Martinez in 2015, the transaction should be voided and title to the real property divided according to the terms of her mother's will. After reviewing "the defendant's Motion for Summary Judgment, [the parties'] oral arguments, cases cited as well as the case file," the trial court granted summary judgment in favor of Martinez. LaMarre filed a timely notice of appeal, with the sole issue being whether the trial court erred in granting Martinez's Motion for Summary Judgment .
ANALYSIS
On appeal, LaMarre argues the trial court erred in granting summary judgment to Martinez because "[t]here was an issue of genuine material fact [as to] the mental capacity of Elizabeth Eason" on the date the property was conveyed to Frank, Jr. On appeal, LaMarre specifically argues that her claim against Martinez should survive summary judgment because her mother "unequivocally did not have the mental capacity to give legal effect to the Quitclaim Deeds ...." LaMarre raises this capacity argument for the first time on appeal. In her complaint and throughout the trial court proceedings, LaMarre alleged the Quitclaim Deeds "are fraudulent ... and therefore are void and have no legal effect."
"Our Supreme Court has long held that where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount in the appellate courts." Piraino Bros., LLC v. Atl. Fin. Grp., Inc. , 211 N.C. App. 343, 348, 712 S.E.2d 328, 332, disc. review denied , 365 N.C. 357, 718 S.E.2d 391 (2011). We will not address LaMarre's argument that her mother lacked mental capacity to sign the Quitclaim Deeds as that argument was not raised before the trial court. As this is LaMarre's sole theory on appeal, and because it is not the role of this Court to create or fully flesh out an argument for a litigant, we affirm the trial court's finding that the Quitclaim Deeds are valid and affirm its grant of summary judgment in favor of Martinez. See, e.g., N.C. R. App. P. 28(a) (2019); First Charter Bank v. American Children's Home , 203 N.C. App. 574, 580, 692 S.E.2d 457, 463 (2010).
Even assuming arguendo we could consider LaMarre's argument regarding the validity of the Quitclaim Deeds in question, summary judgment would still be appropriate under the statute of limitations on fraud claims. The trial court granted summary judgment "on the basis that plaintiff's claim is barred by the applicable statute of limitations." LaMarre's claim against Martinez "relies upon an attack of the December 4, 2001 quitclaim deed where [Eason] transferred the property to her son [Frank Jr.]" Therefore, the December 2001 deed from Eason to Frank Jr. must be deemed fraudulent for LaMarre to succeed in her claim against Martinez. To this end, the trial court concluded LaMarre's allegation of fraud regarding the execution of the 2001 deed was barred by the three-year limitation on such claims under N.C.G.S. § 1-52(9).
"There is no express statute of limitations governing actions to quiet title under [ N.C.G.S. § 41-10 ]. It thus is necessary to refer to plaintiffs' underlying theory of relief to determine which statute, if any, applies." Poore v. Swan Quarter Farms, Inc. , 79 N.C. App. 286, 289, 338 S.E.2d 817, 819 (1986). The underlying theory of LaMarre's claim is fraud; her complaint states, "The Quitclaim Deeds [of December 2001] are fraudulent. The purported Grantor never signed the Quitclaim Deeds." "A cause of action to set aside an instrument for fraud accrues and the statute of limitations begins to run when the aggrieved party discovers or should have discovered the facts constituting the fraud." Poore v. Swan Quarter Farms, Inc. , 57 N.C. App. 97, 102, 290 S.E.2d 799, 802 (1982).
"Generally, the question of whether a cause of action is barred by the statute of limitations is a mixed question of law and fact, but when the facts relating to a statute of limitations defense are not in dispute, the issue is a question of law, properly resolved by summary judgment." Teague v. Randolph SurgicalAssocs., P.A. , 129 N.C. App. 766, 769, 501 S.E.2d 382, 385 (1998). Here, the facts relating to Martinez's statute of limitations defense are not in dispute: LaMarre discovered-or should have discovered-the allegedly fraudulent Quitclaim Deeds shortly after they were recorded in the Union County Public Registry on 6 December 2001, fifteen years before she filed the instant suit against Martinez. The trial court's grant of summary judgment on statute of limitations grounds was proper and represents a second, independent ground upon which we affirm its grant of summary judgment against LaMarre.
CONCLUSION
LaMarre's argument on appeal as to capacity is not available to her because it was not raised before the trial court. Even if LaMarre's argument regarding fraud had been presented properly on appeal, the trial court's grant of summary judgment was proper because LaMarre did not comply with the statute of limitations for fraud.
AFFIRMED.
Report per Rule 30(e).
Judges STROUD and ZACHARY concur.