In the Matter of the Will of LEAKE S. COVINGTON, Deceased.

(Filed 18 May, 1960.)

**1. Estoppel § 4—**

Equitable estoppel is based on conduct or silence of the party to be estopped which amounts to a false representation or concealment of material facts, calculated to mislead or induce a reasonably prudent person to rely thereon, with knowledge, actual or constructive of the real facts; and the party asserting the estoppel must lack knowledge or the means of knowledge as to the truth, and must rely on the conduct or silence of the party sought to be estopped, to his prejudice.

**2. Same: Wills § 17—**

The fact that an executor named in a paper writing has qualified under the instrument does not estop him from thereafter filing a caveat to the will upon his discovery of an instrument later executed by the testator, even though he is named sole beneficiary in the later instrument, when he acts in good faith and with due diligence after the discovery of the second paper writing, since it was his legal duty to deliver the second instrument to the court upon its discovery, G.S. 31-15, G.S. 14-77, and since he took no action prejudicial to the heirs after the discovery of the second will.

**3. Estoppel § 4—**

Knowledge or reckless indifference to the truth is necessary to invoke the doctrine of estoppel.

APPEAL by William Harry Entwistle *et al.* from *Armstrong, J.,* February 1960 Term, of RICHMOND.

This is an appeal from an order denying a motion to dismiss a caveat which alleged a writing dated 20 March 1940, admitted to probate in common form, was not in fact the last will of Leake S. Covington because revoked by a subsequent will.

Appellants are nephews and a niece, and as such, heirs of the deceased. They are hereafter referred to as movants. John W. Covington, Sr., hereafter referred to as caveator, is a brother of deceased.

These are the facts determinative of the appeal: Leake S. Covington died 3 January 1958. On 13 January 1958, caveator, a brother, named as a beneficiary in and executor of a writing dated 20 March 1940 purporting to be the last will and testament of deceased, filed the writing for probate with the clerk of the Superior Court of Richmond County, the home of deceased. The writing was signed by deceased and duly witnessed. It was admitted to probate in common form. Caveator qualified as executor of this will.

A controversy arose between movants and the executor with respect to the interpretation of the residuary clause of the instrument

so probated. Movants asserted they were entitled to one-half of the residuary estate and caveator the other half. To resolve that controversy movants brought suit under the Declaratory Judgment Act against caveator individually and as executor. Movants' interpretation was adjudged correct. An appeal was taken to this Court. The cause was argued here in April 1959. The judgment of the trial court was affirmed in an opinion filed 20 May 1959, *Entwistle v. Covington,* 250 N.C. 315, 108 S.E. 2d 603.

On 21 May 1959 caveator filed with the clerk of the Superior Court of Richmond County a paper writing dated 8 September 1953 purporting to be the last will and testament of Leake S. Covington. The writing purports to be signed by the testator and witnessed in the manner prescribed by G.S. 31-3. It names caveator as the sole beneficiary and as executor. It expressly revokes all prior wills.

On 28 May 1959 caveator, the sole beneficiary named in the writing dated 8 September 1953 and named as executor in each of the instruments, filed a caveat to the paper dated 20 March 1940 which had been admitted to probate in common form. The sole reason assigned for the caveat was the discovery of the paper writing dated 8 September 1953, then claimed to constitute the last will and testament of Leake S. Covington. Caveator says the latter writing was discovered 17 April 1959. The caveat was accompanied by the requisite bond. Thereupon the clerk entered an order suspending the executor's authority to act as required by G.S. 31-36, issued citations to the heirs and interested parties, and transferred the cause to the Superior Court for trial on the issue of *devisavit vel non.*

On 29 May 1959 caveator filed a motion in this Court for a new trial in the case of *Entwistle v. Covington,* assigning as a reason for his motion newly discovered evidence, to wit, the paper writing dated 8 September 1953. He, at the same time, filed a petition to rehear so as to avoid any possibility of a plea of estoppel arising from the admission made by him in the answer in the suit of *Entwistle v. Covington* that the instrument dated 20 March 1940 was the last will and testament of Leake S Covington. Both motions were denied. Denial of the petition to rehear was based on *Coppedge v. Coppedge,* 234 N.C. 747, 66 S.E. 2d 777.

On 2 July 1959 caveator addressed a letter to the clerk of the Superior Court in which he said:

"In view of the fact that I have filed a caveat to the purported will of Leake S. Covington under which I was appointed executor, my attorneys have advised me that I am not in a position to continue longer to act as executor under that purported will and it is my pur-

pose hereby, to relinquish all further functions, if any, under my present letters testamentary."

He further stated that when the paper writing of 8 September 1953 was probated he expected to apply for letters testamentary under the paper.

On 11 July 1959 caveator filed a petition seeking probate in solemn form of the writing dated 8 September 1953 as the last will of Leake S. Covington. In his petition he referred to the caveat proceeding which challenged the validity of the instrument dated 20 March 1940, recognizing the fact that the paper tendered for probate could not be declared the last will and testament of Leake S. Covington until the prior instrument had been declared invalid. He called attention to his qualification as executor of the instrument dated 20 March 1940, pointed to the divergent rights and duties given to and imposed on him by the two writings, and suggested that because of such divergent rights and duties he was disqualified from serving as executor of the instrument dated 20 March 1940.

Movants thereafter sought to dismiss the caveat proceeding. As the basis for their motion they say:

"That John W. Covington, Sr. qualified as Executor of the said Last Will and Testament of Leake S. Covington when the same was admitted to probate on January 13, 1958 and thereupon began to serve as said Executor and ever since that date has been, and is now, the legally qualified and sworn Executor of said Last Will and Testament, and he is therefore barred from maintaining this proceeding in which he undertakes to caveat and attack the said paper writing as being not the Last Will and Testament of Leake S. Covington."

At the hearing movants offered no evidence but relied upon the court records to support their plea of estoppel and motion to dismiss. The motion was denied. Movants excepted and appealed.

*Leath and Blount and Blakeney, Alexander & Machen for appellants.*

*Webb & Lee, Bynum & Bynum, and Robinson, Jones & Hewson for appellee.*

RODMAN, J. Courts of equity, to prevent injustice to one who relies on the spoken word or act of another, fashioned·a rule of conduct called estoppel in *pais*. The rule prohibits or estops the speaker or actor from controverting what he had previously asserted. Lord Coke said: "It is called an estoppel or conclusion, because a man's own

act or acceptance stoppeth or closeth up his mouth to allege or plead the truth."

*Adams, J.,* said: "Equitable estoppel in *pais* owes its origin and development to the notion of justice promulgated by courts of chancery. It embraces estoppel by conduct which rests upon the necessity of compelling the observance of good faith." *Thomas v. Conyers,* 198 N.C. 229, 151 S.E. 270.

"The doctrine of equitable estoppel is based on an application of the golden rule to the everyday affairs of men." *Stacy, C. J.,* in *McNeely v. Walters,* 211 N.C. 112, 189 S.E. 114.

The rule has been given recognition and applied in a multitude of cases by this Court. The facts which must be established by the party claiming protection by the rule have likewise been summarized in a multitude of cases. *Johnson, J.,* said in *Hawkins v. Finance Corp.,* 238 N.C. 174, 77 S.E. 2d 669: ". . . in determining whether the doctrine of estoppel applies in any given situation,. the conduct of both parties must be weighed in the balances of equity and the party claiming the estoppel no less than the party sought to be estopped must conform to fixed standards of equity. As to these, the essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is reasonably calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party afterwards attempts to assert; (2) intention or expectation that such conduct shall be acted upon by the other party, or conduct which at least is calculated to induce a reasonably prudent person to believe such conduct was intended or expected to be relied and acted upon; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming estoppel, they are: (1) lack of knowledge and the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party sought to be estopped; and (3) action based thereon of such a character as to change his position prejudicially." *Peek v. Trust Co.,* 242 N.C. 1, 86 S.E. 2d 745; *Barrow v. Barrow,* 220 N.C. 70, 16 S.E. 2d 460; *Self Help Corp. v. Brinkley,* 215 N.C. 615, 2 S.E. 2d 889; *Upton v. Ferebee,* 178 N.C. 194, 100 S.E. 310; *Boddie v. Bond,* 154 N.C. 359, 70 S.E. 824; *Holmes v. Crowell,* 73 N.C. 613.

The record establishes *prima facie* these facts: Caveator, a few days after the death of his brother, found in deceased's lock box an instrument dated 20 March 1940 admittedly signed by deceased and purporting to be his last will and testament. This paper named caveator as its executor. He had no knowledge of any later will. Assum-

ing its validity he properly offered it for probate and qualified as the executor. Several months after this probate and qualification caveator was informed by one who witnessed it that his brother had executed a will later than 1940. Search was made and the paper writing so witnessed dated 8 September 1953 was discovered among some papers which had been at the home of deceased. This paper was found 17 April 1959, a little more than fourteen months after the discovery of the first paper. On 21 May it was delivered to the clerk of the court.

When the last writing was discovered, caveator had a duty to perform. The Legislature, when it granted the right to dispose of property at death, provided for the enforcement of that right. G.S. 31-15. It became the legal duty of caveator to deliver to the court what purported to be the last will and testament of Leake S. Covington. A fraudulent concealment of this paper would constitute a violation of our criminal laws. G.S. 14-77. Caveator asserts that he acted with reasonable diligence in the performance of his duty when he delivered the two instruments to the court for probate in accordance with the desires of Leake S. Covington as expressed first on 20 March 1940 and later 8 September 1953. Without knowledge or intimation that there was a later will, caveator acted properly when he qualified as executor of the instrument dated 20 March 1940. That qualification does not now estop him as a matter of law from asserting the invalidity of that will because of its subsequent revocation.

Knowledge or reckless indifference to the truth is necessary to invoke the doctrine of estoppel. The absence of that element distinguishes *In re Will of Averett*, 206 N.C. 234, 173 S.E. 621, *In re Lloyd's Will*, 161 N.C. 557, 77 S.E. 955, and the other cases relied upon by movants from this case. Cf. *McClure v. Wade*, 28 A.L.R. 2d 104; *In re Bremer's Estate*, 3 N.W. 2d 411.

The record does not show that caveator as executor took any action after the discovery of the will which was prejudicial to movants or to the estate of Leake S. Covington. He asserts that he acted with reasonable diligence when he acquired knowledge. He called the court's attention to the conflict and his incapacity to serve as executor of both paper writings.

We conclude that Judge Armstrong was correct in ordering: "that all issues made by the caveat and other pleadings herein, including any issue of estoppel, if any is properly raised, be tried at term before a judge and jury, reserving to the trial judge the determination of what issue should be submitted to the jury."

Affirmed.