SMART FINANCE COMPANY v. WILLIAM VAL DICK AND BASIL BRENT HAIGLER.

(Filed 11 April, 1962.)

1. **Chattel Mortgage and Conditional Sales § 11— Findings held insufficient to support conclusion that loan company surrendered indicia of title so as to estop it from asserting its lien.**

   A dealer sold a new car to a corporation, free and clear of encumbrances, and executed form 309 of the Department of Motor Vehicles. Thereafter an officer of the corporation executed an assignment of the automobile from the corporation to himself on form 310. The corporate officer then took the forms, which had been attached, to a loan company and procured a loan secured by a chattel mortgage, which was duly registered, and the loan company filled in the form 310 to show the existence and amount of its lien. The corporate officer then detached the form 310 and executed a new form 310, assigning the car to an individual, and gave the individual the form 309 and the second form 310. Defendant claims as a *mesne* purchaser from the individual. *Held:* In the absence of findings that the loan company had any prior dealings with the corporation or corporate officer or had any reason to foresee that the corporate officer would detach the original form 310 from the form 309 in order to perpetrate a fraud, the findings are insufficient to support the conclusion that the loan company was negligent as a matter of law in permitting the corporate officer to have the attached forms 309 and 310 in order that he might obtain certificate of title and license plates for the automobile, and judgment that the loan company was estopped to assert its lien must be vacated, and the cause remanded.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Copeland, Special Judge,* September 18, 1961 Special Non-Jury Civil Term of MECKLENBURG.

Civil action instituted June 17, 1960, in which plaintiff instituted ancillary proceedings in claim and delivery for possession of a Ford Falcon automobile. Process was not served on defendant Dick. Defendant Haigler had possession of the Ford Falcon and process was served on him. The Ford Falcon, after seizure by the sheriff, was returned to Haigler upon his giving bond conditioned as provided by statute. The present controversy is between plaintiff and Haigler.

Plaintiff alleged it is entitled to possession of the Ford Falcon as owner of a chattel mortgage thereon executed by Dick to plaintiff on February 26, 1960, as security for the payment of Dick's note to plaintiff in the amount of $2,274.60, and that Haigler's claim, if any, is subject to plaintiff's said lien.

Answering, Haigler denied the material allegations of the complaint and alleged he purchased the Ford Falcon from Horne Auto Sales, Inc., and is the owner thereof free and clear of lien. As further defenses, Haigler alleged (1) that Dick was not the owner of the Ford Falcon on February 26, 1960, and therefore the purported chattel mortgage held by plaintiff is void, and (2) that plaintiff, on account of matters later incorporated in the court's findings of fact, was estopped to claim any interest in the Ford Falcon.

The parties waived jury trial and agreed that the presiding judge hear the evidence and find the facts "based on the evidence and stipulations entered into between the parties." No evidence appears in the record other than the exhibits referred to in the court's findings of fact. No stipulation as to facts appears in the record.

The court's findings of fact, conclusions of law and judgment are as follows:

"The plaintiff is a North Carolina Corporation with its principal office in Charlotte, Mecklenburg County, North Carolina.

"2. Subject automobile was sold by Courtesy Motors, Inc. A Dealer's Application and Owner's Application, North Carolina Department of Motor Vehicles form No. 309 (Exhibit 1) was issued by Courtesy Motors, Inc. of Charlotte, North Carolina, on February 26, 1960, assigning and transferring a 1960 6-cylinder Ford Falcon automobile, Motor No. OH123S189926 to Garrett, Wench and Garrett Corporation, Post Office Box 1014, Rock Hill, South Carolina, being the same automobile described in the plaintiff's complaint; the aforesaid form 309 issued by Courtesy Motors, Inc. was complete in all respects and the notary certificates thereon were completed in full.

"3. The aforesaid form No. 309 issued by Courtesy Motors, Inc. on February 26, 1960, in the blank specifying 'Amount of Lien,' stated 'None.'

"4. On February 26, 1960 the defendant William Val Dick, as Vice President of Garrett, Wench & Garrett Corporation executed an assignment of said automobile to himself on North Carolina Department of Motor Vehicles form No. 310 (Exhibit 4). Said assignment was complete in all respects and the notary certificates thereon were completed in full.

"5. Thereafter, the defendant, William Val Dick, executed and delivered to the plaintiff a note and chattel mortgage in the amount of $2,274.60, said chattel mortgage being duly recorded in Book 601-R at Page 600 in the Mecklenburg County Registry, and is dated February 26, 1960, and filed for record March 11, 1960, and secures a note in the principal amount of $2,274.60, and that said chattel mortgage describes a 1960 Four-Door Falcon automobile, Motor No. OH12S189926.

"6. The defendant, William Val Dick, on February 26, 1960, exhibited the aforesaid forms No. 309 and No. 310 to an employee and agent of the plaintiff, Smart Finance Company. Said agent and employee of Smart Finance Company filled in the portion of aforesaid form No. 310 (Exhibit 4) showing a lien in favor of Smart Finance Company in the amount of $2,274.60.

"7. The plaintiff, Smart Finance Company, through its agents and servants, permitted the defendant, William Val Dick, to have the aforesaid Dealer's and Owner's Application issued by Courtesy Motors to Garrett, Wench & Garrett Corporation (Exhibit 1), the assignment of said automobile to himself, and Owner's Application in his name individually (Exhibit 4), in order that he may apply for North Carolina Certificate of Title and license plates for said automobile.

"8. The defendant, William Val Dick, never filed the aforesaid Owner's Application (Exhibit 4) in his name nor the Owner's Application (Form 309) in the name of Garrett, Wench & Garrett (Exhibit 1) with the North Carolina Department of Motor Vehicles.

"9. With the Dealer's Application Form No. 309 issued to Garret, Wench & Garrett Corporation in his possession, which was not retained by the plaintiff, Smart Finance Company at the time the loan was made, the defendant, William Val Dick, on March 29, 1960 detached the assignment to himself (Exhibit 4) from the Dealer's Application (Exhibit 1) and for a valuable consideration, and as an officer of Garrett, Wench & Garrett Corpo-

ration executed another Form 310 (Exhibit 2) which assigned to one Frank Thomas Springer, Jr. the aforesaid Ford Falcon automobile and the defendant, William Val Dick, delivered to the said Frank Thomas Springer, Jr. the aforesaid Dealer's Application issued by Courtesy Motors, Inc. (Exhibit 1), and the aforesaid assignment of said automobile on North Carolina Department of Motor Vehicles form (Exhibit 2); the aforesaid assignment on North Carolina Department of Motor Vehicle Form No. 310 was complete in all respects and the notary certificate thereon was properly completed.

"10. With the aforesaid Owner's Application issued by Courtesy Motors, Inc., North Carolina Department of Motor Vehicles Form No. 309 (Exhibit 1), and the assignment of said automobile to Frank Thomas Springer, Jr., North Carolina Department of Motor Vehicles Form No. 310, by William Val Dick as an officer of Garrett, Wench & Garrett Corporation (Exhibit 2), the said Frank Thomas Springer, Jr. borrowed the sum of $1750.00 from Motor Finance Company, Charlotte, North Carolina, and secured said sum by executing and delivering a Conditional Sales Contract in the principal amount of $2,355.00, which described the aforesaid Ford Falcon automobile.

"11. On April 9, 1960, on North Carolina Department of Motor Vehicles Form No. 310 (Exhibit 2A), the said Frank Thomas Springer, Jr. for a valuable consideration, assigned said automobile to Horne Auto Sales, Inc., of Marshville, North Carolina, which paid in full the aforesaid loan from Motor Finance Company in the amount of $1,770.00; the aforesaid form of North Carolina Department of Motor Vehicles No. 310, assigning said automobile to Horne Auto Sales, Inc. was complete in all respects and all signatures were notarized.

"12. The value of the aforesaid automobile on June 17, 1960 was $1,900.00.

"13. The defendant's predecessors in title, Horne Auto Sales, Inc., purchased subject automobile from Frank Thomas Springer, Jr. on or about April 9, 1960 and paid Springer by means of a check (Exhibit 5) marked 'title attached.' The check thereafter was paid by the bank on which it was drawn. Attached to the check were Exhibits, 1, 2 and 2A. Mr. Horne, President of Horne Auto Sales, Inc., did not examine the above document until approximately one week after April 9, 1960. Thereafter, on April 25, 1960, Horne Auto Sales, Inc. sold subject automobile to the defendant and gave to the defendant, Basil Brent Haigler as indicia of title, a new Dealer's Application (Form 309) showing the

source of ownership as Ford Motor Company, Dearborn, Michigan (Exhibit 3).

"14. The defendant, Basil Brent Haigler, at no time saw or relied upon the Dealer's Application and Owner's Application Form 309 issued by Courtsey Motors, Inc. (Exhibit 1) or the assignment from Garrett, Wench & Garrett Corporation to Springer, and the assignment from Springer to Horne Auto Sales, Inc., Form 310 (Exhibit 2A), as indicia of title to the said automobile but relied on the new Dealer's Application, Form 309, prepared by Horne Auto Sales, Inc. (Exhibit 3) as indicia of title to said automobile.

"15. Horne Auto Sales, Inc., prior to selling the said automobile to the defendant Basil Brent Haigler examined Exhibits 1, 2, and 2A, and relied on the same for its title.

"16. The defendant, William Val Dick, is in default under the terms of said note and chattel mortgage, having never made any payments thereon.

"17. The plaintiff has repeatedly demanded payment of the sum of $2,274.60 from the defendant, William Val Dick, but that the defendant, William Val Dick, has failed and refused to make payment of said balance.

"18. The defendant, Basil Brent Haigler, is in possession of said automobile.

"19. On April 9, 1960, Frank Thomas Springer, Jr. had not purchased North Carolina Registration Plates for said automobile but was driving said automobile with dealer's license tags.

"AND the Court concludes as a matter of law that:

"1. On February 26, 1960 William Val Dick was the owner of the subject automobile and executed a valid mortgage on said automobile to the plaintiff herein.

"2. That the plaintiff is estopped to assert the lien of the mortgage against the defendant because the plaintiff Smart Finance Company was negligent in allowing the defendant William Val Dick to have both forms, 309 and 310, without forwarding the same to the North Carolina Department of Motor Vehicles itself.

"3. That William Val Dick was guilty of violating G.S. 20-71 in altering or forging the Certificate of Title after he received it from Smart Finance Company.

"NOW, THEREFORE it is ORDERED, ADJUDGED and DECREED that the defendant, Haigler, is the owner of the 1960 Four-Door Falcon automobile, Motor No. OH12S189926 free and clear of the plaintiff's mortgage and that the plaintiff is

not entitled to possession of said automobile and that the cost of this action be taxed against the plaintiff."

Plaintiff excepted to "Conclusion of Law No. 2" and to the judgment and appealed.

*Bradley, Gebhardt, Delaney & Millette for plaintiff appellant.*
*J. Max Thomas and Robert D. Potter for defendant appellee.*

BOBBITT, J. The sole ground on which the judgment in favor of Haigler is based is Conclusion of Law No. 2, assigned as error by plaintiff, in which the court ruled "(t)hat the plaintiff is estopped to assert the lien of the mortgage against the defendant because the plaintiff Smart Finance Company was negligent in allowing the defendant William Val Dick to have both forms, 309 and 310, without forwarding the same to the North Carolina Department of Motor Vehicles itself."

The court held in Conclusion of Law No. 1, that Dick, on February 26, 1960, was the owner of the Ford Falcon, and that the chattel mortgage to plaintiff, when executed, was valid. Whether the findings of fact support Conclusion of Law No. 1 is not presented by plaintiff's appeal. The *judgment* is wholly in Haigler's favor. Hence, Haigler was not a party aggrieved by the judgment and had no right to appeal therefrom. The circumstances did not require that he except to particular findings of fact or conclusions of law he deemed adverse and erroneous. Even so, in passing upon the question presented by plaintiff's appeal, we must consider plaintiff's chattel mortgage as valid when executed and recorded.

Haigler pleaded equitable estoppel by way of affirmative defense. The burden of proof on that issue is on Haigler. *Peek v. Trust Co.,* 242 N.C. 1, 12, 86 S.E. 2d 745; *Solon Lodge v. Ionic Lodge,* 245 N.C. 281, 289, 95 S.E. 2d 921.

The general principles governing the operation of the doctrine of equitable estoppel are stated by *Johnson, J.,* in *Hawkins v. Finance Corp.,* 238 N.C. 174, 77 S.E. 2d 669. In accord: *Wilson v. Finance Co.,* 239 N.C. 349, 79 S.E. 2d 908; *Peek v. Trust Co., supra; In re Will of Covington,* 252 N.C. 546, 114 S.E. 2d 257.

The narrow question presented on this appeal is whether plaintiff was negligent *as a matter of law* and therefore is estopped because it allowed Dick "to have both forms, 309 and 310, without forwarding the same to the North Carolina Department of Motor Vehicles itself."

Courtesy Motors, Inc., a dealer, was not required to obtain a certificate of title for a new car prior to its sale thereof. G.S. 20-79(b).

The face of Exhibit #1 (Form 309) is entitled "DEALER'S APPLI-

CATION," and the reverse side is entitled "OWNER'S APPLICA-
TION," — "For Certificate of Title for the Following Described New
Motor Vehicle or Trailer." It appears from the face of Exhibit #1
that Courtesy Motors, Inc., acquired the Ford Falcon, a new car, from
Ford Motor Company, on February 25, 1960, and on February 26,
1960, sold and delivered it, free and clear of lien, to Garrett, Wench
& Garrett Corporation. It appears from the reverse side of Exhibit
#1 that Garrett, Wench & Garrett Corporation on February 26, 1960,
executed an application for a certificate of title for the Ford Falcon
in which it certified its ownership thereof free and clear of lien. This
application was executed in the name of Garrett, Wench & Garrett
Corporation "by W. V. Dick, Vice Pres."

When Dick approached plaintiff for a chattel mortgage loan on the
Ford Falcon, he exhibited Exhibit #1, discussed above, and also Ex-
hibit #4. Exhibit #4 (Form 310) is entitled "OWNER'S APPLICA-
TION"—"For Certificate of Title for the Following Described Motor
Vehicle or Trailer." On the face of Exhibit #4, the application of "Wil-
liam Val Dick" certifies his ownership of the Ford Falcon and asserts
he purchased it from "Garrett Wench Garrett Charlotte, N. C." An
agent or employee of plaintiff filled in the portion of the application
(above the applicant's signature) entitled, "Notice of Lien or Encum-
brance," setting forth therein the chattel mortgage lien dated February
26, 1960, securing the payment of $2,274.60 to plaintiff. On the re-
verse side of Exhibit #4 under the caption "Certificate of Vendor of
Former Owner," there appears an assignment of the Ford Falcon to
William Val Dick. This assignment was executed in the name of "Gar-
rett Wench Garrett" by "W. V. Dick, Vice Pres."

The findings of fact establish that Dick, on February 26, 1960,
executed the chattel mortgage to plaintiff as security for his $2,274.60
note; that the chattel mortgage was "duly recorded" in the Mecklen-
burg Registry; and that no payment has been made on said $2,274.60
note.

The findings of fact also establish that plaintiff allowed Dick to
have possession of Exhibits #1 and #4 "in order that he may apply for
North Carolina Certificate of Title and license plates for said auto-
mobile," but neither Exhibit #1 nor Exhibit #4 was forwarded to the
Department of Motor Vehicles and no certificate of title was ever
issued by the Department to Garrett, Wench & Garrett Corporation
or to Dick.

When Dick completed his transaction with plaintiff and was al-
lowed to have possession of Exhibits #1 and #4 for the purpose in-
dicated above, Exhibits #1 and #4 were stapled or otherwise fastened

together. The court found that Dick, on March 29, 1960, "detached" Exhibit #4 from Exhibit #1.

If Exhibit #1 had been forwarded to the Department, nothing else appearing, the Department would have issued a certificate of title for the Ford Falcon to Garrett, Wench & Garrett Corporation, as owner, free and clear of lien. Since the asserted negligence of plaintiff consists solely in *its failure* to forward Exhibits #1 and #4 to the Department, the inference may be drawn that the Department, upon receipt of Exhibits #1 and #4, and proof of financial responsibility as required by G.S. 20-309, would have issued to Dick a certificate of title showing plaintiff's chattel mortgage lien.

It is noted that each subsequent assignment referred to in the findings of fact was entered on an *application* form, not on a certificate of title. The only certificate of title was that obtained by Haigler. Haigler obtained this certificate of title by forwarding to the Department Exhibit #3 (Form 309) on which it appeared that Horne Auto Sales, Inc., sold him the Ford Falcon as a new car which it had received from Ford Motor Company, Dearborn, Michigan.

Relevant to the alleged negligence of plaintiff, the only fact established by the court's findings is that plaintiff did not forward Exhibit #1 and (attached) Exhibit #4 to the Department but permitted Dick to have them in order that he might do so. In our opinion, this fact, standing alone, is insufficient to constitute negligence as a matter of law, and we so hold.

If Exhibit #1 and Exhibit #4 had remained attached, their condition when Dick's transaction with plaintiff was completed, these documents disclosed the facts concerning plaintiff's chattel mortgage. To perpetrate the fraud, it was necessary that Dick *detach* Exhibit #4 from Exhibit #1 and thereby conceal the fact that Exhibit #4 had been executed. It is noted that the court, in Conclusion of Law No. 3, held that Dick "was guilty of violating G.S. 20-71 in altering or forging the *Certificate of Title* after he received it from Smart Finance Company." (Our italics) Suffice to say, no certificate of title had been issued when transactions in which Dick was involved were conducted.

There is no finding of fact with reference to plaintiff's prior dealings, if any, with Garrett, Wench & Garrett Corporation or with Dick. Nothing in the findings of fact suggests that plaintiff acted otherwise than in good faith. Moreover, nothing in the findings of fact suggests that plaintiff had any reason to believe or foresee that Dick, in order to perpetrate a fraud, would *detach* Exhibit #4 from Exhibit #1.

Since the evidence and stipulations on which the findings of fact are based are not in the record, we cannot determine whether there was sufficient basis for a finding of fact that plaintiff was negligent.

Suffice to say, the court did not make such finding of fact. Decision is based on the ground that the findings of fact, which deal largely with evidential matters, are insufficient to establish negligence as a matter of law. Hence, on the present record, we need not consider other matters bearing upon Haigler's plea of estoppel. Upon retrial, the relevant facts may be more fully disclosed.

For the reasons stated, a new trial, upon all issues raised by the pleadings, is awarded.

New trial.

SHARP, J., took no part in the consideration or decision of this case.