BLIZZARD BUILDING SUPPLY, INC. v. BILLY SMITH

No. 858DC334

(Filed 29 October 1985)

Estoppel § 4.3— no equitable estoppel to assert statute of limitations

 Defendant was not equitably estopped from asserting the statute of limitations of G.S. 1-52 as a bar to plaintiff's action on an account for the purchase of building supplies by a letter written by defendant's counsel to plaintiff's counsel in November 1980 asking that a lawsuit not be instituted "until we have had a chance to perhaps work this matter out" where plaintiff had until February 1982 to institute the action, and there was no evidence that the letter lulled plaintiff into a false security or misled plaintiff in any way.

APPEAL by plaintiff from *Exum, Judge.* Judgment entered 28 November 1984 in District Court, LENOIR County. Heard in the Court of Appeals 21 October 1985.

Plaintiff instituted this action on 15 June 1982 by filing a complaint in district court alleging that defendant purchased building supplies from plaintiff on an open account and owed plaintiff $5,306.72. The claim was dismissed. Plaintiff initiated the present action on 3 June 1983. In its answer defendant alleged, as an affirmative defense, that the last payment on the account was made on 16 February 1979, therefore plaintiff's claim was barred by the three year statute of limitations. Plaintiff replied that

defendant was equitably estopped from relying on the defense of the statute of limitations.

At the close of plaintiff's evidence the trial court granted defendant's motion for directed verdict. Plaintiff appealed.

*Harrison and Heath, by Fred W. Harrison, for plaintiff, appellant.*

*Whitley and Coley, P.A., by William C. Coley III, for defendant, appellee.*

HEDRICK, Chief Judge.

The sole question presented by this appeal is whether the trial court correctly directed verdict in favor of defendant on the grounds that plaintiff's claim is barred by the three year statute of limitations in G.S. 1-52. Plaintiff alleged that defendant was equitably estopped from relying on the statute of limitations because on 12 November 1980 counsel for defendant wrote to plaintiff's counsel with the request: "Please do not institute any lawsuit until we have had a chance to perhaps work this matter out."

The doctrine of equitable estoppel may be invoked to prevent a defendant from relying on a statute of limitations if the defendant, by deception or a violation of duty toward the plaintiff, caused the plaintiff to allow his claim to be barred by the statute of limitations. *Stereo Center v. Hodson,* 39 N.C. App. 591, 251 S.E. 2d 673 (1979). The essential elements of equitable estoppel, as related to the party sought to be estopped are: (1) conduct which amounts to a false representation or concealment of material facts; (2) the intention that such conduct will be acted on by the other party; and (3) knowledge, actual or constructive, of the real facts. *In re Will of Covington,* 252 N.C. 546, 114 S.E. 2d 257 (1960). The other party must have (1) a lack of knowledge and the means of knowledge as to the real facts in question; and (2) relied upon the conduct of the party sought to be estopped to his prejudice. *Id.*

Defendant's motion for directed verdict presents the question of whether the evidence, viewed in the light most favorable to plaintiff, is sufficient for submission to the jury. *Kelly v. Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396 (1971). We find that

---

In the Matter of the Board of Comm. of Dare Co.

---

plaintiff's evidence, viewed in this light, fails to show the essential elements of equitable estoppel. Defendant's letters in November 1980 were an attempt to negotiate. Plaintiff did not allege that defendant misrepresented or concealed any material facts. After defendant's last letter plaintiff had until 16 February 1982 to institute this action. Plaintiff failed to introduce any evidence of defendant's actions which caused it to delay filing a complaint. There is no evidence that defendant's letters in November 1980 lulled plaintiff into a false security or misled plaintiff in any way.

Plaintiff has failed to prove equitable estoppel; its claim, therefore, was barred by the statute of limitations. As there was no issue for submission to the jury the trial court correctly directed verdict for defendant.

Affirmed.

Judges BECTON and PARKER concur.