PHYLLIS B. TEAGUE AND JACK C. TEAGUE, SR., PLAINTIFFS v. RANDOLPH SURGICAL ASSOCIATES, P.A. AND WINSTON GODWIN, M.D., DEFENDANTS

No. COA97-784

(Filed 16 June 1998)

### 1. Limitations, Repose, and Laches § 21 (NCI4th)— medical malpractice—one-year-from-discovery provision inapplicable

Where plaintiff patient discovered the allegedly negligent transection of her common bile duct by defendant surgeon during gall bladder surgery only five months after she was released from defendant surgeon's care, the one-year-from-discovery provision of the professional malpractice statute of limitations, N.C.G.S. § 1-15(c), does not apply because plaintiff discovered the injury less than "two or more years after the occurrence of the last act of the defendant giving rise to the cause of action."

### 2. Limitations, Repose, and Laches § 22 (NCI4th)— medical malpractice—accrual of claim

Plaintiff patient's claim against defendant surgeon for negligence in transecting plaintiff's common bile duct during gall bladder surgery accrued on the date defendant released plaintiff from treatment, not on the date plaintiff discovered that defendant did not read the report of a cholangiogram before discharging plaintiff from his care.

3. **Limitations, Repose, and Laches § 9 (NCI4th)— medical malpractice—settlement discussions—no equitable estoppel to assert limitation**

   Defendant surgeon was not equitably estopped from asserting the statute of limitations as a bar to plaintiff patient's medical malpractice claim because defendant's liability insurer indicated to plaintiff's counsel its willingness to discuss settlement or, failing that, arbitration as a means of resolving the matter where the insurer's offer to discuss settlement or arbitration was not of such a nature as to reasonably lead plaintiff to believe that defendant surgeon would not assert any defenses he might have, including the statute of limitations, in the event settlement was not accomplished, and the insurer's letter proposing a date to discuss settlement was written after the statute of limitations had run and could not have misled plaintiff to his detriment.

4. **Appeal and Error § 175 (NCI4th)— voluntary dismissal of claim—denial of summary judgment—mootness of appeal**

   Where plaintiff patient submitted to a voluntary dismissal without prejudice of her fraudulent misrepresentation claim against defendant surgeon, plaintiff terminated the action and rendered moot defendant's appeal from the trial court's denial of his motion for summary judgment.

Appeal by both parties from judgment entered 16 March 1995 by Judge James M. Webb in Union County Superior Court. Heard in the Court of Appeals 19 February 1998.

*W. David McSheehan for plaintiffs.*

*Brinkley, Walser, McGirt, Miller, Smith & Coles, by Stephen W. Coles, for defendants.*

MARTIN, John C., Judge.

Plaintiffs brought this action alleging claims for medical negligence and "intentional fraudulent misrepresentation." Phyllis Teague sought damages for personal injury and punitive damages; her husband, Jack Teague, sought damages for loss of consortium. Prior to filing an answer, defendants moved to dismiss for plaintiffs' failure to state a claim upon which relief could be granted. The trial court converted the motion to one for summary judgment and granted partial summary judgment dismissing plaintiffs' claims for medical negli-

TEAGUE v. RANDOLPH SURGICAL ASSOC.

[129 N.C. App. 766 (1998)]

gence as barred by the statute of limitations. Summary judgment was denied as to plaintiffs' claim for fraudulent misrepresentation. After further proceedings in the trial court, plaintiffs submitted to a voluntary dismissal without prejudice of their claim for fraudulent misrepresentation and gave notice of appeal from the summary judgment dismissing their claim for medical negligence. Defendants gave notice of appeal from the denial of summary judgment as to the issue of fraud.

Evidence before the trial court, considered in the light most favorable to plaintiffs as the non-moving parties, tended to show that on 19 October 1990, Phyllis Teague underwent laparoscopic surgery, performed by Dr. Godwin, for removal of her gall bladder. During the procedure, defendant Godwin misidentified and transected Mrs. Teague's common bile duct. He then converted the laparoscopic procedure to an open surgical procedure and attempted to repair the duct.

Mrs. Teague testified that Dr. Godwin told her husband and son that he had converted the procedure to an open one because plaintiff had stones in her bile duct. She asserted that Dr. Godwin never told her that he had transected the bile duct by accident or as a complication of the gall bladder surgery. Mrs. Teague also asserted that Dr. Godwin ordered a cholangiogram but failed to review the written report of the examination, which showed a stricture. According to Mrs. Teague, Dr. Godwin told her the cholangiogram showed that "everything was fine" and discharged her from his care on 3 January 1991. She indicated that she did not learn of Dr. Godwin's failure to actually read the report until his deposition was taken on 18 April 1994 for purposes of this action.

Plaintiff underwent a second surgical procedure, performed by another physician on 21 May 1991, to repair the duct. According to plaintiff, she learned for the first time after this procedure that Dr. Godwin had severed the duct during the 1990 surgical procedure.

Plaintiffs also offered evidence tending to show that their counsel contacted defendants' liability insurer in April 1992 with respect to plaintiffs' claim. Settlement negotiations ensued, including discussion of arbitration as a possible means of resolving the matter. Plaintiff asserted in her affidavit that she agreed, in December 1993, to withhold filing her complaint so that the matter could be arbitrated, and that arbitration was scheduled for 21 March 1994 at 2:30 p.m. Exhibits attached to the affidavit reflect only that a meeting was

**TEAGUE v. RANDOLPH SURGICAL ASSOC.**

[129 N.C. App. 766 (1998)]

scheduled for that date and time between plaintiffs' counsel and the claims representative "to further discuss settlement." On 16 February 1994, the claims representative advised plaintiffs' counsel that because he believed plaintiffs' claim was barred by the statute of limitations, he would decline to negotiate further. Plaintiffs filed this action on 22 February 1994.

## PLAINTIFFS' APPEAL

Plaintiffs' assignments of error raise issues with respect to (1) the application of the statute of limitations to the facts of this case, and (2) whether defendants should be equitably estopped to assert the statute of limitations as a bar to plaintiffs' claim.

The rules with respect to summary judgment have been stated many times: "[s]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *Thompson v. Three Guys Furniture Co.*, 122 N.C. App. 340, 344, 469 S.E.2d 583, 585 (1996) (quoting N.C. Gen. Stat. § 1A-1, Rule 56(c)). The party moving for summary judgment has the burden of "positively and clearly showing that there is no genuine issue as to any material fact and that he or she is entitled to judgment as a matter of law." *James v. Clark*, 118 N.C. App. 178, 180, 454 S.E.2d 826, 828, *disc. review denied*, 340 N.C. 359, 458 S.E.2d 187 (1995).

> A defendant may meet this burden by: (1) proving that an essential element of the plaintiff's case is non existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense which would bar the claim.

*Id.* at 180-81, 454 S.E.2d at 828. Generally, the question of whether a cause of action is barred by the statute of limitations is a mixed question of law and fact, but when the facts relating to a statute of limitations defense are not in dispute, the issue is a question of law, properly resolved by summary judgment. *Pembee Mfg. Corp. v. Cape Fear Constr. Co. Inc.*, 69 N.C. App. 505, 317 S.E.2d 41 (1984), *affirmed*, 313 N.C. 488, 329 S.E.2d 350 (1985).

## A.

[1] Plaintiffs argue the trial court erred in concluding their medical negligence claim was barred by the statute of limitations. Citing *Black*

*v. Littlejohn*, 312 N.C. 626, 325 S.E.2d 469 (1985), plaintiffs assert the cause of action accrued in May 1991, when they discovered Dr. Godwin's alleged negligence, rather than 3 January 1991, the date he released her from treatment after having allegedly failed to read the report of the cholangiogram, the last act of defendants giving rise to the claim.

G.S. § 1-15(c) (1996) provides:

(c) Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: Provided that whenever there is bodily injury to the person, economic or monetary loss, or a defect in or damage to property which originates under circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made: Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further, that in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action . . . .

Under the statute, the usual date of accrual for a medical malpractice claim is the date of the last act by the defendant giving rise to the cause of action. In such cases, the action must be commenced within three years. N.C. Gen. Stat. § 1-52(5); *Flippin v. Jarrell*, 301 N.C. 108, 270 S.E.2d 482 (1980), *reh'g denied*, 301 N.C. 727, 274 S.E.2d 228 (1981). However, if the injury was not readily apparent to plaintiff at the time of its origin *and* the injury was not discovered by plaintiff for two or more years after the last act of the defendant giving rise to the claim, an action may be filed within one year of the date of such discovery, but must be filed within four years of the last alleged negligent act of the defendant. *Thorpe v. DeMent*, 69 N.C. App. 355, 317 S.E.2d 692, *affirmed*, 312 N.C. 488, 322 S.E.2d 777 (1984).

Analogously to plaintiffs' allegations in the present case, the plaintiff in *Black, supra,* was unaware, at the time of her surgery, of the defendant's allegedly wrongful or negligent act. She discovered

the negligence nearly three years after the surgery, and the Supreme Court held that her claim fell "within the one-year-from-discovery provision of G.S. 1-15(c). . . ." *Black* at 646-47, 325 S.E.2d at 483. In the present case, however, plaintiffs discovered the allegedly negligent transection of Mrs. Teague's common bile duct on 21 May 1991, less than a year after it occurred and only five months after she was released from Dr. Godwin's care. Thus, the one-year-from-discovery provision of G.S. § 1-15(c) does not apply because plaintiffs discovered the injury less than "two or more years after the occurrence of the last act of the defendant giving rise to the cause of action . . . ."

[2] Alternatively, plaintiffs argue their cause of action for medical negligence did not accrue until 18 April 1994, the date upon which they discovered that Dr. Godwin had not read the report of the cholangiogram before discharging Mrs. Teague from his care. We reject this argument as well; plaintiffs' "injury, loss, defect or damage . . .", as well as Dr. Godwin's allegedly negligent surgery in transecting Mrs. Teague's common bile duct, was readily apparent no later than 21 May 1991 when she was told by Dr. Swanson that the injury to her bile duct had not occurred as a result of an attempt to remove a stone, as had been represented by Dr. Godwin. Since this was within five months of the last possible act of defendants giving rise to the claim, and notwithstanding plaintiffs' remaining arguments to the contrary, we hold the provisions of G.S. §§ 1-15(c) and 1-52(5) are the statutes of limitation applicable to their medical negligence claim. Pursuant thereto, the cause of action accrued no later than 3 January 1991 and was time barred if not brought on or before 3 January 1994.

### B.

[3] Plaintiffs also argue defendants should be equitably estopped from asserting the statute of limitations as a bar to their medical negligence claim because plaintiffs' delay in initiating the action was induced by the conduct of defendants and their insurer. "Equitable estoppel may be invoked, in a proper case, to bar a defendant from relying upon the statute of limitations." *Duke University v. Stainback*, 320 N.C. 337, 341, 357 S.E.2d 690, 692 (1987). It is appropriate "when the delay in initiating an action has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith." *Pembee* at 509, 317 S.E.2d at 44.

Plaintiffs direct our attention to correspondence attached to Mrs. Teague's affidavit in opposition to summary judgment. In correspondence dated 13 December 1993, Joseph Crawford, a claims represen-

tative for defendants' liability insurer, indicated to plaintiffs' counsel his willingness to discuss settlement or, failing that, arbitration as a possible means of resolving the matter. According to Mrs. Teague's affidavit, Mr. Crawford subsequently suggested further discussions in response to counsel's assertion that he was prepared to file suit. On 3 February 1994, Mr. Crawford proposed a time and date to meet with counsel and discuss settlement. Though counsel agreed to the scheduled meeting, Mr. Crawford cancelled further negotiations by letter dated 16 February 1994, citing his belief the claim was time barred.

This Court has previously held that requests for further negotiations or participation in settlement discussions are not conduct which would invoke the doctrine of equitable estoppel and prevent a party from relying on a statute of limitations defense. *See Duke University v. St. Paul Mercury Ins. Co.*, 95 N.C. App. 663, 384 S.E.2d 36 (1989); *Blizzard Building Supply, Inc. v. Smith*, 77 N.C. App. 594, 335 S.E.2d 762 (1985), *cert. denied*, 315 N.C. 389, 339 S.E.2d 410 (1986). In *Blizzard*, defendant was granted a directed verdict when the evidence showed that plaintiff had not commenced the action within the time required by the applicable statute of limitations. Arguing equitable estoppel, plaintiff noted that before the statute had run, defendant's counsel sent a letter to plaintiff's counsel requesting, "Please do not institute any lawsuit until we have had a chance to perhaps work this matter out." *Id.* at 595, 335 S.E.2d at 763. This Court held defendant was not equitably estopped to assert the statute of limitations because there was no evidence that defendant's actions caused plaintiff to delay filing a complaint, lulled plaintiff into a sense of false security, or otherwise misled plaintiff. *Id.* In *Duke*, we stated, "Mere negotiation with a possible settlement unsuccessfully accomplished is not that type of conduct designed to lull the claimant into a false sense of security so as to constitute an estoppel by conduct thus precluding an assertion of . . . [limitations] by the insured." *Duke* at 673, 384 S.E.2d at 42 (quoting *Desai v. Safeco Ins. Co. of America*, 173 Ga. App. 815, 328 S.E.2d 376 (1985)).

In the present case, Mr. Crawford's offer to discuss settlement or possible arbitration was not of such a nature as to reasonably lead plaintiffs to believe that defendants would not assert any defenses they might have, including the statute of limitations, in the event settlement was not accomplished. Indeed, Mr. Crawford's letter proposing a date to discuss settlement, was written after the statute of limitations had run and could not have misled plaintiffs to their detriment.

Since defendants have successfully demonstrated that plaintiffs cannot overcome the affirmative defense of the statute of limitations as to their claim for medical negligence, partial summary judgment dismissing that claim was correct. We affirm the order of the trial court.

## DEFENDANTS' APPEAL

[4] Defendants have given notice of appeal from, and assign error to, the trial court's denial of their motion for summary judgment dismissing plaintiffs' claim alleging fraudulent misrepresentation. The record reflects that on 12 February 1997, plaintiffs submitted to a voluntary dismissal without prejudice of their fraud claim pursuant to G.S. § 1A-1, Rule 41(a)(1). In doing so, plaintiffs terminated the action, leaving nothing in dispute, and rendered the trial court's denial of defendants' motion for summary judgment moot. *See Dodd v. Steele*, 114 N.C. App. 632, 442 S.E.2d 363, *disc. review denied*, 337 N.C. 691, 448 S.E.2d 521 (1994). Defendants' appeal is, therefore, dismissed. The record does not disclose whether plaintiffs have re-filed their claim within the permitted time. If they have not re-filed, the claim is now barred; if they have re-filed the claim, defendants may move anew for summary judgment with respect thereto.

Plaintiffs' Appeal—Affirmed.

Defendants' Appeal—Dismissed.

Judges LEWIS and MARTIN, Mark D., concur.