HOUSING AUTHORITY OF THE CITY [OF] WILMINGTON, NORTH CAROLINA, Plaintiff v. SPARKS ENGINEERING, PLLC, Defendant

No. COA10-950

(Filed 17 May 2011)

**1. Appeal and Error— Rule 41(a) voluntary dismissal—original action no longer existed—mootness**

The Court of Appeals lacked jurisdiction over defendant's challenge to the propriety of the trial court's decision to deny its dismissal motion in a breach of contract, negligence, and negligent misrepresentation case because plaintiff's original action no longer existed once it voluntarily dismissed it under N.C.G.S. § 1A-1, Rule 41(a). Thus, defendant's appeal was dismissed.

**2. Appeal and Error— denial of writ of certiorari—adequate remedies remaining**

The Court of Appeals declined defendant's request for a writ of *certiorari* to permit review of the challenged order on the merits given defendant's right to seek redress for any inappropriate conduct by plaintiff and its agents in New Hanover County File No. 10 CVS 1767.

Appeal by defendant from order entered 18 February 2010 by Judge Gary E. Trawick in New Hanover County Superior Court. Heard in the Court of Appeals 13 December 2010.

*Shipman & Wright, LLP, by Gary K. Shipman, and William G. Wright, for Plaintiff-appellee.*

*Allen, Moore & Rogers, L.L.P., by Joseph C. Moore, III, and John C. Rogers, III, for Defendant-appellant.*

ERVIN, Judge.

Defendant Sparks Engineering, PLLC, appeals from an order denying its motion seeking the dismissal of a claim that Plaintiff Housing Authority of the City of Wilmington had asserted against it or, in the alternative, the designation of Plaintiff's action as a Complex Business Case. In addition, Defendant has filed a petition asking this Court, in the event that we determine that it is not entitled to appeal the trial court's order as a matter of right, to issue a writ of *certiorari* permitting us to review Defendant's challenge to the trial court's order on the merits. After careful consideration of the issues raised by Defendant's appeal and *certiorari* petition in light of the record and the applicable law, we conclude that Defendant has no right to appeal the trial court's order; that we should not, in the exercise of our discretion, issue a writ of *certiorari* in accordance with Defendant's request; and that Defendant's appeal should therefore be dismissed.

## I. Factual Background

On 15 February 2008, Plaintiff filed suit against Defendant, a structural engineering firm, in New Hanover County File No. 08 CVS 710. In its complaint, Plaintiff sought damages from Defendant stemming from services provided to Plaintiff in connection with Plaintiff's acquisition of an apartment complex. Plaintiff asserted that Defendant had entered into a contract with Plaintiff requiring the performance of a structural analysis and an inspection of the apartment complex; that Plaintiff's decision to purchase the apartment complex was predicated, at least in part, upon the information contained in Defendant's report concerning the condition of the property; that Defendant "failed to properly conduct its inspection and analysis" of the apartment complex; that the apartments in the complex suffered from numerous serious defects; that Plaintiff was eventually forced to abandon the apartment complex because tenants could not safely

live there; and that Plaintiff was entitled to recover compensatory damages from Defendant for breach of contract, negligence, and negligent misrepresentation.

On 16 April 2008, Defendant filed an answer in which it denied the material allegations of Plaintiff's complaint and asserted a number of affirmative defenses. On 20 February 2009, with leave of court and Plaintiff's consent, Defendant amended its answer to assert an additional affirmative defense. On 26 January 2010, Defendant filed a Motion to Dismiss or, in the Alternative, for Recommendation for Designation as a Complex Business Case, in which Defendant alleged that Plaintiff had improperly provided information concerning the case to local media, resulting in publicity that "render[ed] it impossible for Defendant Sparks to receive a fair trial," and requested the court to "exercise its inherent authority to prevent abuses, ensure the orderly operation of justice, and manage the judicial process by dismissing this action with prejudice." In the alternative, Defendant requested that this case be designated as a Complex Business Case and assigned to a judge "who will be well positioned to deal with the many complex issues" that would inevitably arise during the litigation of this case, making it "possible for motions and pre-trial proceedings to be heard in a venue other than New Hanover County—and hence at least physically removed from the glare of local publicity unleashed by [Plaintiff]—to wit, Raleigh, while preserving the right of Defendant Sparks to conduct the trial in New Hanover County."

A hearing was conducted before the trial court concerning Defendant's motion on 4 February 2010. At that time, the trial court offered to enter an order changing the venue for the trial, but Defendant rejected this remedy. On 18 February 2010, the trial court entered an order denying Defendant's motion. On 13 April 2010, Plaintiff voluntarily dismissed its complaint in New Hanover County File No. 08 CVS 710 pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a). On the same date, Plaintiff filed a complaint against Defendant, identical except for the addition of Ronald W. Sparks as a party defendant, in New Hanover County File No. 10 CVS 1767. On 13 May 2010, Defendant noted an appeal to this Court from the trial court's denial of its dismissal motion in New Hanover County File No. 08 CVS 710. On 6 August 2010, Defendant filed a *certiorari* petition seeking review of the trial court's order in New Hanover County File No. 08 CVS 710 on the merits as an alternative to its notice of appeal.

## II. Legal Analysis

### A. Appellate Jurisdiction

**[1]** As an initial matter, we must address the extent, if any, to which Defendant's appeal is properly before us. "[A]n appellate court has the power to inquire into jurisdiction in a case before it at any time, even *sua sponte*." *Xiong v. Marks*, 193 N.C. App. 644, 652, 668 S.E.2d 594, 599 (2008) (citations omitted). "A jurisdictional default . . . precludes the appellate court from acting in any manner other than to dismiss the appeal." *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008) (citing *Bailey v. State*, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000)). A careful review of the record and the applicable law demonstrates that we lack jurisdiction over Defendant's appeal and that it should, as a result, be dismissed.

As discussed above, Defendant noted an appeal, in the aftermath of Plaintiff's decision to take a voluntary dismissal without prejudice in New Hanover County File No. 08 CVS 710, from the denial of a dismissal motion that it filed and unsuccessfully litigated in that case. According to N.C. Gen. Stat. § 1A-1, Rule 41(a), "an action or any claim therein may be dismissed by the plaintiff without order of court . . . by filing a notice of dismissal at any time before the plaintiff rests his case[.]" By voluntarily dismissing its complaint against Defendant pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a), Plaintiff effectively mooted Defendant's dismissal motion.

"It is well settled that '[a] Rule 41(a) dismissal strips the trial court of authority to enter further orders in the case[.]' . . . '[T]he effect of a judgment of voluntary [dismissal] is to leave the plaintiff exactly where he [or she] was before the action was commenced.' After a plaintiff takes a Rule 41(a) dismissal, 'there is nothing the defendant can do to fan the ashes of that action into life[,] and the court has no role to play.'" *Bryson v. Kathy A. Santoriello, M.D., P.A.*, 351 N.C. 589, 593, 528 S.E.2d 568, 570 (2000) (quoting *Walker Frames v. Shively*, 123 N.C. App. 643, 646, 473 S.E.2d 776, 778 (1996); *Gibbs v. Light Co.*, 265 N.C. 459, 464, 144 S.E.2d 393, 398 (1965); and *Universidad Cent. Etc., Inc. v. Liaison C. on Med. Ed.*, 760 F.2d 14, 18 n.4 (1st Cir. 1985)). As a result of the fact that, "[o]nce a party voluntarily dismisses its action pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (1990), 'it [is] as if the suit had never been filed[,]'" *Pine Knoll Assn v. Cardon*, 126 N.C. App. 155, 161, 484 S.E.2d 446, 449 (quoting *Tompkins v. Log Systems, Inc.*, 96 N.C. App. 333, 335, 385

S.E.2d 545, 547 (1989), *disc. review denied*, 326 N.C. 366, 389 S.E.2d 819 (1990)), *disc. rev. denied*, 347 N.C. 138, 492 S.E.2d 26 (1997), Plaintiff's decision to voluntarily dismiss its action against Defendant effectively terminated that proceeding, barring review of any interlocutory orders that the trial court might have entered to that point, such as the denial of Defendant's dismissal motion. Given that Plaintiff's original action no longer exists, we lack jurisdiction over Defendant's challenge to the propriety of the trial court's decision to deny its dismissal motion, so that Defendant's appeal should be, and hereby is, dismissed.[1]

### B. Defendant's Petition for Writ of *Certiorari*

**[2]** In seeking the issuance of a writ of *certiorari* to permit review of its claim on the merits, Plaintiff asserts that there are "certain inconsistencies in the decisional law regarding a party's right to appeal following a voluntary dismissal without prejudice" and that, in light of "these inconsistencies" and "the importance of the issues implicated by the Order denying the subject sanctions motion to both the parties and the justice system," "the Court [should] issue its writ of *certiorari* and review the trial court's Order denying the sanctions motion." After carefully considering both components of Defendant's argument, we conclude that neither provides adequate justification for the issuance of the requested writ of *certiorari*.

In seeking *certiorari*, Plaintiff acknowledges the decisions holding that a party's voluntary dismissal of an action precludes further review of orders entered prior to the dates upon which the action was dismissed. On the other hand, Defendant claims that there are "inconsistencies" in our decisions relating to this appealability issue and urges us to adhere to one of the "lines" of cases that Defendant contends would support allowing an appeal as of right from the trial court's order. After reviewing the cases upon which Defendant relies, we conclude that there is no "inconsistency" in our decisions with respect to the appealability of orders entered after the taking of a voluntary dismissal and that the cases upon which Defendant relies have no application to the facts of this case.

According to Defendant, the "line of decisions represented by *Combs & Assocs. v. Kennedy*, 147 N.C. App. 362, 555 S.E.2d 634

---

1. As a result of the fact that Defendant simply alluded to and summarized the arguments advanced in its *certiorari* petition in that portion of its brief seeking to establish that it had a right to appeal the trial court's order, we will address those arguments in that portion of our opinion addressing Defendant's *certiorari* petition.

(2001)[,] stand[s] for the proposition that a voluntary dismissal has the effect of rendering earlier orders in the cause final and hence immediately appealable." *Kennedy* is, however, readily distinguishable from this case and provides no support for Defendant's position. In *Kennedy*, after the trial court entered an order granting partial summary judgment in favor of the defendant, the plaintiff voluntarily dismissed his remaining claim and noted an appeal from the trial court's order granting partial summary judgment. On appeal, we held that "Plaintiff's voluntary dismissal of this remaining claim . . . ha[d] the effect of making the trial court's grant of partial summary judgment a final order." Our decision in *Kennedy* allowed the plaintiff to appeal an order granting partial summary judgment in favor of the defendant after the plaintiff voluntarily dismissed his remaining claims, the existence of which had rendered an appeal from the trial court's partial summary judgment order interlocutory in nature. On the other hand, this Court has refused to allow an appeal from the denial of a summary judgment motion taken after the filing of a subsequent voluntary dismissal. In *Teague v. Randolph Surgical Assocs.*, 129 N.C. App. 766, 773, 501 S.E.2d 382, 387 (1998), we stated that the taking of a voluntary dismissal without prejudice left "nothing in dispute, and render[ed] the trial court's denial of [plaintiff's] motion for summary judgment moot." As a result, we conclude that, rather than demonstrating the existence of an "inconsistency" in our appellate jurisprudence, these decisions simply illustrate the difference between the appealability of an order granting partial summary judgment after the taking of a voluntary dismissal of the appealing party's remaining claims and the appealability of an order denying a request for summary judgment after the party had voluntarily dismissed his or her action. Defendant has completely failed to articulate how *Kennedy* provides any justification for a decision to recognize an appeal as of right from the denial of Defendant's dismissal motion in this case, and we are unable to see any such justification based upon our own research into the issues raised by Defendant's attempt to appeal.

In addition, we further conclude that the other "line" of cases to which Defendant directs our attention is equally irrelevant to the present case. As Defendant correctly notes, the taking of a voluntary dismissal does not deprive the trial courts of the ability to address motions for monetary sanctions under N.C. Gen. Stat. § 1A-1, Rule 11. As the Supreme Court stated in *Bryson v. Sullivan*, 330 N.C. 644, 653, 412 S.E.2d 327, 331 (1992), "[d]ismissal does not deprive the court of

jurisdiction to consider collateral issues such as sanctions that require consideration after the action has been terminated." Defendant has not, however, identified any "collateral" issue that remains to be decided in this case. In its dismissal motion, Plaintiff did not argue that any of the prerequisites for the imposition of sanctions pursuant to N.C. Gen. Stat. § 1A-1, Rule 11 were present in this case. On the contrary, the legal basis upon which Defendant sought the dismissal of Plaintiff's claim with prejudice stemmed from the courts' inherent authority to discipline members of the bar, *Cunningham v. Selman*, —— N.C. App. ——, ——, 689 S.E.2d 517, 526-27 (2009), and from the policy objectives sought to be achieved by N.C. Gen. Stat. § 1A-1, Rule 8(a)(2) (stating that, "[i]n all negligence actions, and in all claims for punitive damages in any civil action, wherein the matter in controversy exceeds the sum or value of ten thousand dollars ($10,000), the pleading shall not state the demand for monetary relief, but shall state that the relief demanded is for damages incurred or to be incurred in an amount in excess of ten thousand dollars ($10,000)"). Aside from the fact that the "sanction" which Defendant sought to have imposed would adversely affect Plaintiff rather than any lawyer and the fact that Plaintiff has not cited any authority authorizing any court to impose a sanction stemming from a violation of N.C. Gen. Stat. § 1A-1, Rule 8(a)(2) after the taking of a voluntary dismissal, the only "sanction" that Defendant sought in the motion at issue here was dismissal. Even if we agreed that the trial court should have dismissed Plaintiff's case (a subject about which we express no opinion), we are unable to accommodate that request now, since Plaintiff has already done so, albeit without rather than with prejudice.[2]

In addition, Defendant's *certiorari* petition also details the alleged acts of misbehavior by Plaintiff's agents upon which Defendant's request for dismissal was predicated. These allegations, however, go to the merits of Defendant's appeal rather than to the

---

2. In his brief before this Court, Defendant has requested that we remand this case to the trial court for a determination of the appropriate sanction to impose. Defendant did not, as we understand the record, seek any sanction other than dismissal or complex case treatment in the trial court. As a result of the fact that a litigant must litigate his case on appeal using the same theory upon which he relied in the court below, *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934) (stating that "the law does not permit parties to swap horses between courts in order to get a better mount" on appeal), we are not persuaded by Plaintiff's argument that, by virtue of seeking a remand for the purpose of determining what sanction should be imposed, it has provided a justification for granting review of his claim on the merits. Defendant sought a dismissal in the court below, and it ultimately got exactly that.

issue of whether an appeal should be allowed at all. Although Defendant asserts that "the unfair prejudice which [Plaintiff] and its counsel visited upon [Defendant] cannot be undone and [will] unfairly prejudice[ Defendant] in [Plaintiff's] re-filed suit," we note that, if Defendant feels that such prejudice continues to exist in connection with the litigation of the claim that Plaintiff has asserted against Defendant in New Hanover County File No. 10 CVS 1767, Defendant can seek redress by filing a similar motion in the refiled action. Indeed, Plaintiff asserts, and Defendant has not denied, that Defendant has filed an essentially identical motion seeking dismissal of Plaintiff's claim in New Hanover County File No. 10 CVS 1767. Although we have not taken formal judicial notice of this motion, we note that such a motion is available to Defendant and provides a more appropriate avenue for attaining any needed redress from any deleterious effects arising from the conduct of Plaintiff and its agents than would be achieved by a decision on our part to allow an appeal from or *certiorari* review of the trial court's refusal to dismiss Plaintiff's earlier action with prejudice.

### III. Conclusion

Thus, for the reasons set forth above, we conclude that, in light of Plaintiff's decision to voluntarily dismiss its claim against Defendant in New Hanover County File No. 08 CVS 710 without prejudice, Defendant does not have the right to seek appellate review of the trial court's refusal to grant its request to dismiss Plaintiff's claim with prejudice. We further conclude that, given Defendant's right to seek redress for any inappropriate conduct by Plaintiff and its agents in New Hanover County File No. 10 CVS 1767, the issuance of a writ of *certiorari* in order to permit review of the challenged order on the merits would not be appropriate either. As a result, we conclude that Defendant's appeal should be dismissed and that Defendant's petition for the issuance of a writ of *certiorari* should be denied.

APPEAL DISMISSED; PETITION FOR *CERTIORARI* DENIED.

Chief Judge MARTIN and Judge McGEE concur.